UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
ROBERT AND LAURA TOUSSIE,                                           :     15-CV-5235 (ARR)(PK)
                                                                    :
                Plaintiffs,                                         :     <u>NOT FOR ELECTRONIC</u>
                                                                    :     <u>OR PRINT PUBLICATION</u>
      -against-                                                     :
                                                                    :     <u>OPINION & ORDER</u>
ALLSTATE INSURANCE COMPANY,                                         :
                                                                    :
                Defendant.                                          :
------------------------------------------------------------------- :
                                                                    X

ROSS, United States District Judge:

      Plaintiffs, Robert and Laura Toussie (collectively, the "Toussies"), brought this action against defendant Allstate Insurance Company ("Allstate") after Allstate refused to pay some of the Toussies' claims for damage to their breachfront home during and after Hurricane Sandy. Am. Compl., ECF No. 48 ("Compl."), at ¶¶ 2-3. The Toussies allege three causes of action: (1) breach of contract, id. ¶¶ 30-36, (2) bad faith denial of an insurance claim, id. ¶¶ 37-102, and (3) deceptive practices disallowed under New York General Business Law § 349, id. ¶¶ 103-126. Before the court is Allstate's motion to dismiss, arguing that plaintiffs have not adequately pled their second and third claims. Mem. of Law in Supp. of Mot. to Dismiss and/or Strike as to Pls.' Second and Third Claims for Relief and Pls.' Request for Att'ys' Fees on their First Claim for Relief, ECF No. 58-1 ("Def.'s Mem."), at 6-13, 14-20.[1] For the reasons that follow, defendant's motion is granted.

---

[1] Defendants have withdrawn their motion with respect to plaintiffs' request for attorneys' fees. See Def. Allstate Ins. Co.'s Reply Mem. of Law in Supp. of its Mot. to Dismiss and/or Strike as to Pls.' Second and Third Claims for Relief, ECF No. 58-3, at 1 n.1.

## BACKGROUND

The Toussies owned a beachfront home in Brooklyn. Compl. ¶¶ 1, 10. The home contained a wide array of valuable personal property. Id. ¶¶ 1, 18. Both the Toussies' home and their property were insured under an Allstate's "Deluxe Plus" homeowner's insurance policy. Id. ¶¶ 10, 18.

In October, 2012, the Toussies' home was significantly damaged by Hurricane Sandy while the Toussies were out of town. Id. ¶ 2. The storm broke through the walls of the home, leaving a large opening, and knocked out utilities, including the home's security system. Id. ¶ 2. After the storm, the Toussie's home was looted, and property that was not damaged by the floodwaters or wind was stolen. Id. ¶ 15.

The Toussies filed multiple claims for coverage under various aspects of their insurance policy. Id. ¶ 16. Most of their claims were eventually paid by Allstate. Id. ¶ 17. The present dispute arose from Allstate's refusal to pay a $1.65 million theft claim for items stolen from the Toussies' home following Hurricane Sandy. Id.

## DISCUSSION

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2nd Cir. 2013). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471,

476 (2d Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

**A. Bad Faith Denial of Insurance Claim**

Allstate argues that "New York case law does not recognize a claim for extra-contractual damages predicated solely on bad faith denial of insurance coverage." Def.'s Mem. at 6 (quoting Rosano v. Freedom Boat Corp., No. 13-cv-842 (SJF)(AYS), 2015 WL 4162754, at *5 (E.D.N.Y. June 21, 2006). Allstate is correct. For the following reasons, defendant's motion to dismiss plaintiffs' second claim for relief is granted.

**1. New York Law Governs Plaintiffs' Claims**

Plaintiffs argue that Alabama or Illinois law applies to this claim. Mem. of Law in Opp'n to Allstate Ins. Co.'s Mot. to Dismiss and/or Strike Pls.' Second and Third Claims for Relief and Pls.' Request for Att'ys' Fees on Their First Claim for Relief, ECF No. 58-2 ("Pls.' Mem."), at 25. In support of their choice of law analysis, plaintiffs allege that "Allstate's bad faith conduct . . . regarding the Toussies' theft claim occurred predominately in Illinois or Alabama." Compl. ¶ 101.

Federal courts sitting in diversity apply the choice of law doctrine of the forum state (here, New York). Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941). When there is an actual conflict of law concerning a tort claim, New York courts apply an "interest analysis" to determine the jurisdiction with the greatest interest in the litigation. Curley v. AMR

Corp., 153 F.3d 5, 12 (2d Cir. 1998). When performing this interest analysis, courts must ask two questions: "(1) what are the significant contacts and in which jurisdiction are they located; and (2) whether the purpose of the law is to regulate conduct or allocate loss." Padula v. Lilarn Properties Corp., 644 N.E.2d 1001, 1002 (N.Y. 1994).

Turning to the first inquiry, there are significant contacts in at least New York and Illinois. The Toussies have their domicile in New York. Compl. ¶ 7. Allstate is incorporated in, and has its principal place of business in, Illinois. Id. Finally, Allstate employees in Alabama allegedly committed the torts in question. Id. ¶ 101.

Turning to the second (and ultimately dispositive) inquiry, the laws in question clearly deal with conduct regulation, not loss allocation. See Hamilton v. Accu-Tek, 47 F. Supp. 2d 330, 340 (E.D.N.Y. 1999) ("Rules establishing the requirements for liability in tort . . . are quintessentially conduct regulating.") "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." Cooney v. Osgood Mach., Inc., 612 N.E.2d 277, 280 (N.Y. 1993). Thus, the dispositive question becomes: Did the allegedly tortious conduct occur in New York or Alabama?

New York courts have long that held that "when the defendant's negligent conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred. Thus, the locus in this case is determined by where the plaintiffs' injuries occurred." Schultz v. Boy Scouts of Am., Inc., 480 N.E.2d 679, 683 (N.Y. 1985) (citation omitted); see also Hunter v. Derby Foods, 110 F.2d 970, 972 (2d Cir. 1940) ("The fact that the defendant's conduct occurred in New York does not oust the law of Ohio. It sent the food into Ohio, where the harm

4

was done. The case is like that of shooting a firearm across the state line, starting a fire which passes the line, or owning a vicious animal which strays over the line."); Golden Archer Investments, LLC v. Skynet Fin. Sys., 908 F. Supp. 2d 526, 539 (S.D.N.Y. 2012) (applying Illinois law where defendant "knowingly reached into Illinois and committed a tort against an individual and corporate entity in Illinois" and "the injury caused . . . was inflicted in Illinois").

Accordingly, New York law applies, as the "locus of the case" is where the plaintiff as injured, not where the tortious acts were committed. In this case, plaintiffs were injured by the non-payment of their insurance claims with respect to their property in New York. See Compl. ¶¶ 99-100.[2]

### 2. Plaintiffs Have Not Adequately Pled Bad Faith Denial of an Insurance Claim

Under New York law, "damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but . . . punitive damages may be recoverable if necessary to vindicate a public right." N.Y. Univ. v. Cont'l Ins. Co., 662 N.E.2d 763, 767 (N.Y. 1995). In order to state a claim for punitive damages arising from a breach of contract, plaintiffs must plead the following elements: "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set

---

[2] Defendants also point to the following choice of law provision in the insurance contract:

> This policy is issued in accordance with the laws of New York and covers property or risks principally located in New York. Subject to the following paragraph [relating to losses occurring outside of New York], the laws of New York shall govern any and all claims or disputes in any way related to this policy.

Am. Compl. Ex. A, Dkt. 48, at 28. Plaintiffs dispute whether this contract provision applies to their tort claim. Pls.' Mem. at 25-26. I decline to rule on the applicability of the choice of law provision because New York law applies even if the choice of law provision does not reach plaintiffs' tort claim.

forth in Walker v Sheldon, [179 N.E.2d 497 (N.Y. 1961)]; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally." Id. (citing Rocanova v. Equitable Life Assur. Soc. of U.S., 634 N.E.2d 940, 943-44 (N.Y. 1994)).

The first element requires pleading commission of an independent tort, such as fraud. Without such an allegation, plaintiffs' relief for a claim of denial of a valid insurance claim in New York is limited to breach of contract claims. Wingates, LLC v. Commonwealth Ins. Co. of Am., 21 F. Supp. 3d 206, 220 (E.D.N.Y. 2014), aff'd, 626 F. App'x 316 (2d Cir. 2015) ("Plaintiffs cannot assert a separate claim of 'bad faith' because New York does not recognize such a claim with respect to refusal to comply with an insurance contract."); Cont'l Info. Sys. Corp. v. Fed. Ins. Co., No. 02 CIV. 4168 (NRB), 2003 WL 145561, at *3 (S.D.N.Y. Jan. 17, 2003) ("[I]n order to obtain extra-contractual damages, there must be allegations of a tort, independent of plaintiff's claim of bad faith denial of insurance coverage."); Rocanova, 634 N.E.2d at 945 ("A complaint does not state a claim for compensatory or punitive damages by alleging merely that the insurer engaged in a pattern of bad-faith conduct. The complaint must first state a claim of egregious tortious conduct directed at the insured claimant."). Plaintiffs do not allege any tortious conduct separate from the alleged bad faith denial of their claim.

Plaintiffs argue that the New York Court of Appeals decision in Sommer v. Federal Signal Corp., 593 N.E.2d 1365 (N.Y. 1992), lessened the requirement for an independent tort where there is significant public interest at stake, see Pls.' Mem. at 9-10. However, in N.Y. Univ., the Court of Appeals addressed whether plaintiff adequately plead a cause of action giving rise to punitive damages under Sommer where the plaintiff "alleged that [defendant insurance company] fraudulently induced the [plaintiff] (and others) to purchase insurance, and to maintain such insurance, by falsely representing that it would evaluate claims in good faith and in

6

compliance with applicable law." 662 N.E.2d at 768. The Court held that these allegations "fail[ed] to satisfy the first prong of the Rocanova pleading requirements because [they] fail[ed] to state a tort independent of the contract." Id. at 770. Plaintiffs' pleadings are remarkably similar to those rejected in N.Y.Univ., see Compl. at ¶¶ 112-13; therefore, plaintiffs' second claim for relief is dismissed with prejudice.

### B. New York General Business Law Section 349

New York General Business Law § 349 provides a private right of action against companies engaging in "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. § 349(a), (h). "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam). "[A]n action under §349 is not subject to the pleading-with-particularity requirements of Rule 9(b) . . . but need only meet the bare-bones notice-pleading requirements of Rule 8(a)." Pelman ex. rel Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005).

For conduct to be "consumer oriented," it must involve "some harm to the public at large." Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 43 n.3 (E.D.N.Y. 2008) (quoting Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust, No. 06–CV–0871 (FJS/RFT), 2007 U.S. Dist. LEXIS 22097, at *25 (N.D.N.Y. Mar. 27, 2007)). "[T]he injury must be to the public generally as distinguished from the plaintiff alone." Wilson v. N.W. Mut. Ins. Co., 625 F.3d 54, 64-65 (2d Cir. 2010) (quoting MaGee v. Paul Revere Life Ins. Co., 954 F. Supp. 582,

7

586 (E.D.N.Y.1997)). Therefore, "private contract disputes cannot form the basis of a §349 claim" because they are "unique to the parties." Euchner-USA, Inc. v. Hartford Cas. Ins. Co., 754 F.3d 136, 143 (2d Cir. 2014) (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995)). See also Ammirato v. Duraclean Int'l, Inc., 687 F. Supp. 2d 210, 221 (E.D.N.Y. 2010).

The Second Circuit has explained that "a private contract dispute involving coverage under [insurance] policies" are not "consumer oriented" within the meaning of Section 349. Euchner, 754 F.3d at 143 (quoting Zawahir v. Berkshire Life Ins. Co., 804 N.Y.S.2d 405, 407 (N.Y. App. Div. 2005)). "An insurance company's actions in settling a claim are not inherently consumer-oriented." Wilson v. Northwestern Mutual Ins. Co., 625 F.3d 54, 65 (2d Cir. 2010) (alterations omitted) (quoting Greenspan v. Allstate Ins. Co., 937 F. Supp. 288, 294 (S.D.N.Y. 1996)). "Therefore, to demonstrate the requisite consumer-oriented conduct in a dispute concerning coverage under an insurance policy, a plaintiff must [plead] facts showing injury or potential injury to the public." Id.

This dispute is unique to the parties. The only public-directed actions alleged in the complaint are advertising and selling insurance policies, Compl. ¶ 112, yet the deceptive practice alleged is failing to abide by those contracts, id. ¶ 113. Plaintiffs "make [] this argument based on [their] claim that [Allstate] breached, in bad faith, the policies as they were applicable to [plaintiffs'] situation, not that [Allstate] has a policy of issuing policies that are [on their face] deceptive." Wilson, 625 F.3d at 65. Therefore, plaintiffs have not pled a prima facie case under Section 349; their third claim for relief is dismissed with prejudice.

## CONCLUSION

Defendant's motion is granted. Plaintiffs' second and third claims for relief are dismissed with prejudice.

SO ORDERED.

>_____/s/_____
> Allyne R. Ross
> United States District Judge

Dated:   November 3, 2016
         Brooklyn, New York