UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
ROBERT AND LAURA TOUSSIE,                          :     15-CV-5235 (ARR)(PK)
:
    Plaintiffs,                       :     NOT FOR PUBLICATION
:
 -against-                                          :     OPINION & ORDER
:
ALLSTATE INSURANCE COMPANY,                       :
:
    Defendant.                        :
------------------------------------------------------------------- :
                           X

ROSS, United States District Judge:

  Currently before me is plaintiffs' appeal from United States Magistrate Judge Cheryl Pollak's June 8, 2018 order. *See* June 8, 2018 Order ("Order"), ECF No. 198; Pls.' Objs. to Magistrate Judge Pollak's June 8, 2018 Order ("Pls.' Objs."), ECF No. 205; *see also* Def.'s Resp. to Pls.' Objs. to Magistrate Judge Pollak's June 8, 2018 Order ("Def.'s Resp."), ECF No. 217; Pls.' Reply to Def.'s Resp. to Magistrate Judge Pollak's June 8, 2018 Order ("Pls.' Reply"), ECF No. 218. In the Order, Judge Pollak granted in part and denied in part plaintiffs' letter motion to lift a previously entered preservation order, *see* October 20, 2017 Order ("Preservation Order"), ECF No. 110, which required plaintiffs to maintain and preserve numerous boxes of their belongings as evidence pending inspection by the defendant.[1] *Id.* at 9. Upon plaintiffs' motion once the inspection concluded, Judge Pollak agreed to lift the Preservation Order as to the majority (202) of the boxes, but ordered that 58 of the boxes continue to be preserved pending additional discovery or possible use at trial. Order 4. Plaintiffs argue that the Preservation Order

---

[1] The Preservation Order was supposed to remain in place until the earlier of November 6, 2017 or inspection by the defendant. Preservation Order 9. As explained below, Judge Pollak had to extend the order several times in order to allow the defendant to complete the inspection.

1

is "functionally an injunction" and, thus, requires defendant to satisfy the elements necessary to support a preliminary injunction. Pls.' Objs 1, 14–19. According to plaintiffs, therefore, Judge Pollak's Order is contrary to law because, among other things, she erred in refusing to apply the standard for an injunction. *Id.* Because I find that Judge Pollak did not err in declining to require defendant to meet the standard for a preliminary injunction, I deny plaintiffs' appeal.

## BACKGROUND

Plaintiffs commenced this action on September 10, 2015, alleging that Allstate Insurance Company ("Allstate") improperly handled their claims for property theft incurred following Hurricane Sandy.[2] *See* Pls.' Objs. 1; Compl. ¶ 4, ECF No. 1. According to plaintiffs, thieves stole numerous personal items covered by their Allstate insurance policy after Hurricane Sandy seriously damaged their home, but Allstate refused to provide plaintiffs with the appropriate coverage. *See* Order 2; Pls.' Objs 2–3; *see also* Def.'s Resp. 1. In the process of discovery, Allstate claimed to have discovered evidence that, despite plaintiffs' assertion that "they lost everything" as a result of the hurricane, a number of boxes (totaling approximately 190) were moved from plaintiffs' home to Christie's Fine Art Storage Services ("CFASS") after the hurricane. Order 2; Def.'s Resp. 1, 7. According to Allstate, "[t]he description of the moved property matched, in some cases, the description of items at issue" in the case. Def.'s Resp. 1. As a result, Allstate sought to inspect the boxes housed at CFASS. *Id.* Plaintiffs objected. *Id* at 2.

Deeming the boxes "highly relevant" to the case, Judge Pollak allowed the inspection to proceed. *Toussie v. Allstate Ins. Co.*, No. 15 CV 5235, 2017 WL 4773374, at *4 (E.D.N.Y. Oct. 20, 2017). She explained, "[T]he issue of what property remains in the plaintiffs' possession and

---

[2] I assume familiarity with the facts and circumstances of this case and discuss only those facts pertinent to plaintiffs' appeal.

2

what property was lost during Hurricane Sandy is central to this litigation." *Id.* at *3. She also *sua sponte* entered the Preservation Order "in light of significant concerns that evidence had been or would be spoilated." Order 2; *see also Toussie*, 2017 WL 4773374, at *4. Specifically, "concerns arose in part from the 'plaintiffs' evasive and inconsistent answers regarding (1) whether, when, and by whom items were boxed and moved from their home, and (2) the location of any such boxes during the course of this litigation.'" Order 3 (quoting *Toussie*, 2017 WL 4773374, at *2). In weighing the "irreparable harm" to the defendant if evidence was lost against the burden to the plaintiffs and to CFASS in preserving the boxes, Judge Pollak concluded that entering a preservation order was appropriate and did so. *Toussie*, 2017 WL 4773374, at *4. Plaintiffs did not object.

After Judge Pollak resolved numerous disputes between the parties about how the inspection would proceed, Allstate commenced the inspection on October 30, 2017. Order 3. Over the course of the several months that followed, however, disagreements about how the boxes would be inspected and photographed plagued the discovery process, such that the court had to extend the Preservation Order multiple times. *See id.* At times during this process, plaintiffs requested that the court allow them to remove boxes from the storage unit that defendant had already inspected. *See, e.g.*, Joint Status Report 2, Dec. 4, 2017, ECF No. 128. Each time, Judge Pollak denied plaintiffs' request, noting that "most, if not all, of the delay with respect to the inspection has resulted from the conduct of the plaintiffs and their counsel, both before and during the inspections." *Toussie v. Allstate Ins. Co.*, No. 15 CV 5235 (ARR) (CLP), 2018 WL 993626, at *3 (E.D.N.Y. Feb. 20, 2018). Finally, on March 16, 2018, Allstate completed its inspection. Def.'s Resp. 2.

On March 19, 2018, plaintiffs sought an order lifting the Preservation Order to allow them to remove and either sell or dispose of their property at CFASS. Order 4; Pls.' Objs. 4. They asserted that, to continue the Preservation Order beyond the inspection, defendants should be required to meet the standard for a preliminary injunction and to post a bond under Fed. R. Civ. P. 65. Pls.' Objs. 9–10. Defendant did not object to lifting the order as to 202 of the boxes at CFASS but argued that 58 of the boxes should be maintained and preserved as evidence for trial. Order 4 (internal citation omitted). Defendant argued that the standard governing preliminary injunctions did not apply in this case. Def.'s Resp. 16–17.

On June 8, 2018, Judge Pollak granted plaintiffs' motion with regard to the 202 boxes that Allstate identified as not needing to be subject to the continuing Preservation Order. Order 27. She denied without prejudice the remainder of plaintiffs' motion and ordered that the 58 boxes at issue continue to be preserved until the parties complete certain procedures, including submitting expert reports to the court regarding the sufficiency of the photographs of the items in the boxes for use at trial.[3] *See id.* at 4, 20. In reaching her conclusion, Judge Pollak rejected plaintiffs' argument that defendant must satisfy the elements necessary to support a preliminary injunction. *Id.* at 15. Instead, she applied the standard typically used for preservation orders and considered "1) the danger of destruction absent a court order, 2) whether any irreparable harm is likely to result to the party seeking preservation in the absence of an order, and 3) the burden of preserving the evidence." *Id.* In light of her "grave concerns that in the absence of a preservation order, the items at issue [would] be sold or transferred," *id.* at 16, she found that, on balance, "the significant and irreparable harm that defendant will face if the items are disposed of before

---

[3] Judge Pollak further ordered that the parties confer "and, if possible, stipulate to exhibits to be used at trial, so that there is no dispute later as to whether the photograph of an item corresponds to the photograph of the item's number on the back and the box in which the item was found." *Id.* at 20–21.

4

trial" outweighed the "moderate" financial burden plaintiffs might endure in order to comply with the preservation order. *Id.* at 19.

Plaintiffs now appeal the Order, arguing that Judge Pollak applied the wrong standard to restrain plaintiffs' property, that defendants could not have met the standard for a preliminary injunction even if Judge Pollak had applied it, and that Judge Pollak ignored what plaintiffs characterize as defendant's harassing behavior meant to force plaintiffs to drop their claims. *See* Pls.' Objs. 14, 19, 22.

## STANDARDS

### I. Review of a Magistrate's Order

A district court shall reverse a magistrate judge's order on a non-dispositive motion only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts generally consider discovery disputes to be non-dispositive. *See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). A factual finding is clearly erroneous if "on the entire evidence," the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). This "'heavy' burden of proof lies with the moving party, and the highly deferential standard 'only permits reversal where the magistrate judge abused h[er] discretion.'" *Grief v. Nassau Cty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (alteration in original) (quoting *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y.

5

2015)). Therefore, a "magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Id.* (citation omitted).

## II.     Standard for a Preliminary Injunction

In the Second Circuit, a party seeking a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011). "The purpose of a preliminary injunction is 'to keep the parties[,] while the suit goes on, as far as possible in the respective positions they occupied when the suit began' and to preserve the court's ability to render a meaningful decision after a trial on the merits." *ImOn, Inc. v. ImaginOn, Inc.*, 90 F. Supp. 2d 345, 349 (S.D.N.Y. 2000) (quoting *WarnerVision Entertainment v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996)).

## III.    Standard for a Preservation Order

Courts differ on the precise standard to apply to a party's request for a preservation order but typically employ some sort of a balancing test. Some have adopted a two-prong test that requires the party seeking the order to "demonstrate that it is necessary and not unduly burdensome." *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004). Other courts have employed a three-factor test, which involves balancing:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form,

6

>condition, or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004). In this test, no single factor is determinative. *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006).

## DISCUSSION

**I.     Judge Pollack's decision not to employ the preliminary injunction standard was not contrary to law.**

Plaintiffs' primary argument on appeal is that the Preservation Order was "functionally an injunction" and, therefore, the court should have required defendant to meet the standard for a preliminary injunction. Pls.' Objs. 14–19. Defendant disagrees, contending that Judge Pollak applied "an appropriate standard" in issuing and extending the Preservation Order. Def.'s Resp. 16–21. Because the Second Circuit has not directly addressed what standard a court should use in determining whether to enter a preservation order related to tangible property, I find that the Order was not contrary to law and affirm Judge Pollak's decision.

Under federal common law and numerous procedural rules governing discovery, litigants have a "duty to preserve documents and property that could potentially serve as evidence in a lawsuit." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 21 (S.D.N.Y.), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("[A]nyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary."). This evidence can include physical evidence, such as personal property. *See R.F.M.A.S.*, 217 F.R.D. at 23–24. (citing *West*, 167 F.3d at 778–79; *Donini Int'l SPA v. Satec (USA) LLC*, No. 03CIV9471(CSH), 2006 WL 695546, at *8 (S.D.N.Y. Mar. 16, 2006);

7

*Peyser v. Searle Blatt & Co.,* No. 99 Civ. 10785 WK, 2000 WL 1071804, at *8 (S.D.N.Y. Aug. 2, 2000); *Indemnity Ins. Co. of North America v. Liebert Corp.,* No. 96 Civ. 6675(DC), 1998 WL 363834, at *4 (S.D.N.Y. June 29, 1998)). The duty to preserve evidence is ongoing. *See Zubulake*, 229 F.R.D. at 432–33. As such, the evidence at issue should not be sold, given away, or destroyed. *See R.F.M.A.S.*, 271 F.R.D. at 32.

As discussed at length in the Order, courts have the authority to issue preservation orders to enforce litigants' preservation obligations. *See* Order 6–9. Exercising this authority is sometimes necessary to prevent parties from engaging in conduct that thwarts proper discovery. *See Treppel*, 233 F.R.D. at 369–71. Issuing such an order is especially appropriate in situations where there is a "reasonable probability that pertinent or relevant information" will be "lost or destroyed or is at risk of loss or destruction" absent entry of the order. *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, No. 3:06CV1380(AHN), 2008 WL 11376620, at *3 (D. Conn. Nov. 5, 2008).

The Second Circuit has not directly addressed the question of what standard a court should apply in determining whether to enter a preservation order related to tangible property. Based solely on the dearth of binding precedent on this subject, I find that the Order was not contrary to law. *See Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 79 (N.D.N.Y. 2000) (finding that a magistrate judge's order was not contrary to law where the reviewing court was unable to conclude that the magistrate judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure") (alterations in original) (internal citation and quotation marks omitted)).

In addition, as Judge Pollak notes, courts in this circuit have rejected the view that a party seeking a preservation order must meet the requirements for a preliminary injunction. *See* Order 10–12 (citing *Treppel*, 233 F.R.D. at 370); *see also In re Complaint of Specialist LLC*, No. 16-

CV-5010 (KMK), 2016 WL 6884919, at *3 (S.D.N.Y. Nov. 22, 2016) (applying the less stringent three-prong balancing test to determine whether to continue a preservation order restraining a tug boat). As one court wisely explained, applying the standard for a preliminary injunction in the context of a request for a preservation order "creates anomalies," requiring the court to "evaluate the merits of the litigation even before evidence has been gathered, let alone produced to the opposing party or submitted to the court." *Treppel*, 233 F.R.D. at 370. The fact that courts in other circuits have employed the preliminary injunction standard in arguably similar contexts does not render the Order here contrary to law.

Citing *Weitzman v. Stein*, plaintiff argues that the Second Circuit *has* addressed the question of what standard a court should apply when determining whether to enter a preservation order applicable to property and determined that the standard for a preliminary injunction should be used. Pls.' Objs. 16 (citing 897 F.2d 653, 657 (2d Cir 1990)). As Judge Pollak explained in the Order, however, *Weitzman* had nothing to do with the preservation of evidence. Order 13. Instead, that case addressed whether it was appropriate for a district court to freeze a non-party's assets in the context of post-judgment enforcement proceedings without articulating the standard it applied to issue the freeze order, providing notice, or making a finding of irreparable injury. *See* 897 F.2d at 657–58. As Judge Pollak noted, "Unlike the instant case, where defendant contends that the actual items are relevant evidence that may be necessary to show to an expert or to the trier of fact, there was nothing in *Weitzman* to suggest that there was anything unique about the subject assets that would make them evidence in the case." Order 13. Therefore, "the injunction standard was appropriate . . . because the order at issue sought to preserve fungible assets to satisfy a judgment, not because of any evidentiary value the particular assets might have had . . . ." *Id.*

9

In their objections, plaintiffs argue that Judge Pollak construed *Weitzman* too narrowly. Pls.' Objs. 17. Specifically, plaintiffs argue that the court ignored the statement, "[E]ven if labelled merely a 'preservation order,' an order requiring a party, during the pendency of the litigation, to 'hold and retain' assets within his control is an injunction implicating due process concerns." *Id.* at 16 (quoting *Weitzman*, 897 F.2d at 657). While this sentence certainly appears to support plaintiffs' position at first blush, it is *dictum* and, more importantly, cannot be divorced from its wholly dissimilar context explained above.[4] It bears repeating that *Weitzman* was not about the preservation of evidence, and the district court judge in that case used the term "preservation order" either colloquially or inaccurately. *See* Defs.' Resp. 19 (citing *Weitzman*, 897 F.2d at 656). Moreover, as defendant argues, plaintiffs' due process rights were not infringed upon—plaintiffs briefed their motion and had the requisite opportunity to marshal supporting evidence. Def.'s Resp. 20.

Plaintiffs also argue that the preliminary injunction standard is necessary here because there is a "critical distinction between an order directing the preservation of documents and an order directing the preservation of valuable personal property." Pls.' Reply 7–8. As defendant notes, however, courts have entered preservation orders that pertain both to property and—to the extent plaintiffs' concern is the expense of the preservation—massive document collections, the preservation of which cost over a million dollars. *See* Def.'s Resp. 18 (citing *In re Complaint of Specialist*, 2016 WL 6884919, at *3; *Pippins v. KPMG LLP*, 279 F.R.D. 245, 250 (S.D.N.Y. 2012)).

---

[4] In their reply brief, plaintiffs argue that this statement is still entitled to deference even if it is *dictum*. *See* Pls.' Reply 3–4. While it is true that courts should defer to *dicta* in certain situations, *see United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975), plaintiffs have not persuaded me that I should do so here. In *Piscottano v. Murphy*, on which plaintiffs rely, Pls.' Reply 3, the court explained that it felt compelled to defer to *dicta* from an appellate decision because that case "squarely addressed the issue[,] . . . noted that other circuits had divided on that issue[,] and expressly sought to provide guidance to lower courts regarding the Second Circuit's resolution of that dispute." No. 3:04CV682 (MRK), 2005 WL 1424394, at *3 (D. Conn. June 9, 2005), *aff'd,* 511 F.3d 247 (2d Cir. 2007). That is not the case here.

10

I agree with Allstate's contention that plaintiffs "brought this lawsuit and put their valuable property at issue—they cannot then claim the property is too valuable to preserve as evidence." *Id.* at 19; *cf. R.F.M.A.S.,* 271 F.R.D. at 33 ("It cannot be the case that a party may freely dispose of evidence otherwise subject to a duty of preservation simply because it is expensive.").

Ultimately, Judge Pollak's decision not to require defendant to meet the standard for a preliminary injunction was both lawful and sound. As she said, "[A] preservation order has little to do with the substantive merits of any claim or defense; instead such an order enforces the parties' pre-existing, independent obligations to preserve relevant evidence for use in discovery and at trial, thereby ensuring the integrity and fairness of the adjudicative process." Order 15. I therefore deny plaintiffs' objections on the ground that Judge Pollak applied the wrong standard in continuing the Preservation Order.

## II. It is irrelevant whether defendant could meet the standard for a preliminary injunction because defendant was not required to do so.

Plaintiffs next argue that defendant could not meet the standard for a preliminary injunction. *See* Pls.' Objs. 19–22. Specifically, plaintiffs contend that defendant could not show a likelihood of success on the merits and that, because defendant could show only speculative harm if plaintiffs were allowed to sell their property, Judge Pollak's "conclusion" regarding the irreparable harm that defendant would suffer was contrary to law. *Id.* at 20.

First, as I determined above, defendant was not required to meet the standard for a preliminary injunction to secure the continuation of the Preservation Order. Allstate, therefore, did not need to make a showing of a likelihood of success on the merits.

Second, unlike the preliminary injunction standard, no single factor of the balancing test that Judge Pollak appropriately employed in the Order is dispositive. *Compare Treppel*, 233 F.R.D. at 370 (discussing the balancing test for a preservation order) *with Reuters Ltd. v. United Press Int'l,*

11

*Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (describing irreparable harm as "the single most important prerequisite for the issuance of a preliminary injunction") (internal citation omitted). Thus, as defendant argues, even if Judge Pollak's irreparable harm finding was "contrary to law," the Order would still stand in light of Judge Pollak's findings as to the other two prongs, namely the high likelihood that the evidence would be destroyed absent a court order and the minimal burden imposed on plaintiffs to preserve the evidence. *See* Def.'s Resp. 25; Order 15–20.

Third, without going into unnecessary detail or analysis, I agree with defendant that Judge Pollak's conclusion about the harm defendant would face if plaintiffs sold or destroyed the evidence at issue is amply supported by the record, with which Judge Pollak is intimately familiar and which is replete with instances of plaintiffs' discovery abuse and delay. *See* Def.'s Resp. 22–24; Order 17–18. In light of the record, plaintiffs' arguments that the harm is both speculative and easily remedied are not persuasive. *See* Pls.' Objs. 20–22. As Judge Pollak noted, plaintiffs have made clear that they intend to sell the evidence and, as they have done throughout this litigation, they "refuse to stipulate to virtually anything," including the sufficiency of any photographs taken of the evidence. Order 18. It was therefore hardly erroneous for Judge Pollak to conclude that the combined effect of plaintiffs' actions would be irreparable harm to defendant that is "neither remote nor speculative, but actual and imminent." Pls.' Reply 9 (quoting *L&M Bus Corp. v. Bd. Of Educ. of City Sch. Dist. of City of New York*, No. 18-CV-1902 (NGG) (SMG), 2018 WL 2390125 (E.D.N.Y. May 25, 2018)). It is also not clear that the harm posed by the unavailability of the disputed physical evidence at trial could be remedied by an adverse inference or spoliation sanctions when the entire litigation hinges on whether this property is the same property that plaintiffs allege that they lost—and for which they argue they are entitled to insurance coverage—as a result of Hurricane Sandy. Regardless, I deny plaintiffs'

12

objection to the Order on the ground that defendant could not meet the standard for a preliminary injunction because defendant was not obligated to do so.

### III. Plaintiffs' unsupported assertions about defendant's alleged bad motive for seeking to continue the Preservation Order are irrelevant to whether the Order was contrary to law.

Finally, plaintiffs argue that the Order was contrary to law because Judge Pollak "did not consider that Allstate is using the restraint to exert financial pressure on plaintiffs to force them to drop their claims." Pls.' Objs. 22. As defendant argues, plaintiffs have neither cited authority for this contention nor explained how Allstate's alleged "bad motive" is relevant to the balancing test at issue. Def.'s Resp. 25–26. To the extent that plaintiffs cite defendant's alleged motive as evidence to support an argument that Judge Pollak incorrectly found that the burden on them to preserve the evidence is moderate, they object to a factual finding, not a legal conclusion. Because plaintiffs have provided no evidence that leads me to believe that Judge Pollak's factual finding regarding the burden was clearly erroneous, I will not overrule it.

## CONCLUSION

For the foregoing reasons, I affirm Judge Pollak's Order continuing the Preservation Order as to the remaining 58 boxes and overrule plaintiffs' objections. The parties are directed to comply with the procedures outlined in the Order.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: August 15, 2018
Brooklyn, New York