Jeffrey M. Eilender
Partner

jeilender@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

November 27, 2018

**BY ECF**

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Toussie, et al., v. Allstate Insurance Co.*, Case No. 15-cv-5235 (ARR) (CLP);
        Opposition to Allstate's Motion for Sanctions (Dkt. No. 232)

Dear Judge Pollak:

This firm represents Plaintiffs Robert and Laura Toussie in this action. We write in opposition to Allstate's motion for sanctions under Fed. R. Civ. P. 37 (Dkt. No. 232). As explained below, this Court should deny this motion in its entirety.

### 1. Allstate's Motion to Compel Production of Plaintiffs' Maid's Name

Allstate seeks its fees incurred in moving to compel production of the name of Plaintiffs' maid. Dkt. No. 232 at 3. Allstate concedes that Plaintiffs produced their maid's name, and that Allstate later deposed this maid. *Id.* at 3-4. So Allstate's sole basis for sanctions here is that Plaintiffs did not produce their maid's name until after Allstate moved to compel it. Allstate's request for sanctions should be denied.

*First*, while the Court held in its May 23, 2017 order that Allstate may depose Plaintiffs' maid, the Court did not then order Plaintiffs to provide their maid's name to Allstate. Dkt. No. 92. Thus, Allstate then had several means of getting this information—including informally asking Plaintiffs, serving an interrogatory or document request on Plaintiffs, serving subpoenas on nonparties who might have this information, or conducting its own investigation. Allstate chose the easiest and least expensive option—informally asking Plaintiffs. But no order of this Court or rule of the Federal Rules of Civil Procedure required Plaintiffs to respond to this informal request, and nothing prevented Allstate from using formal discovery devices to get this information.

So when Allstate moved to compel Plaintiffs' production of their maid's name, it was *not* seeking an order compelling Plaintiffs to respond to any discovery served on them, and it was *not* seeking an order compelling Plaintiffs to comply with any order of this Court. Instead, Allstate merely sought an order compelling Plaintiffs to respond to Allstate's *informal* requests for information—which Plaintiffs had no obligation to do. And though Allstate

The Honorable Cheryl L. Pollak
November 27, 2018
Page 2 of 7

claimed in its motion to compel that Plaintiffs' refusal to respond to Allstate's informal requests was "thwarting this Court's May 23 order" (Dkt. No. 94 at 2), Allstate did not argue—nor could it argue—that Plaintiffs *violated* this Court's May 23 order, or failed to respond to any discovery served on them.

Since Rule 37—the only authority under which Allstate seeks sanctions—authorizes sanctions only after a party moves to compel discovery wrongfully withheld under Rules 30, 31, 33, or 34 (Fed. R. Civ. P. 37(a)(3)(B)), and since Allstate never served Plaintiffs with discovery seeking their maid's name under these rules, this Court lacks authority under Rule 37 to sanction Plaintiffs for refusing to respond to Allstate's informal requests. And even if this Court had authority here under Rule 37, because Allstate never served Plaintiffs with discovery seeking their maid's name and merely made informal requests to their counsel, Plaintiffs had no obligation—and were thus substantially justified in refusing—to respond to these informal requests.

Further, and critically, shortly after new counsel took over and in response to this Court's instruction that Plaintiffs should produce their maid's name, Plaintiffs produced this information, and Allstate took this maid's deposition. *See* Dkt. No. 232 at 3. Thus, that Plaintiffs immediately complied with this Court's directive on this matter further shows that sanctions are not appropriate.

*Second*, Allstate's request for sanctions related to this motion to compel is untimely. Allstate made this motion on June 13, 2017, and in it, did not seek sanctions. Dkt. No. 94. Nor did Allstate seek sanctions for having to make this motion to compel when it sought sanctions for other discovery-related disputes on May 4, 2018. Dkt. No. 182. Nor did this Court, in its June 8, 2018 discovery order, authorize Allstate to seek sanctions for having to make this motion to compel. Dkt. No. 198. Thus, Allstate's current motion for sanctions—made 17 months after Allstate initially moved to compel production of the Toussies' maid's name—is the *first time* Allstate ever claimed that it is entitled to sanctions under Rule 37 for having to make this motion.

"'[A] motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind.'" *In re Terrorist Attacks on Sept. 11, 2001*, 2018 WL 4096106, at *2 (S.D.N.Y. Aug. 27, 2018) (alteration in original) (quoting *Mercy v. Suffolk County*, 748 F.2d 52, 55 (2d Cir. 1984)). Here, Allstate waited 17 months to seek Rule 37 sanctions, which is an unreasonable delay and thus renders this request untimely. *See Citgo Petroleum Corp. v. Odfjell Seachem*, 2013 WL 2289951, at *11 (S.D. Tex. May 23, 2013) (motion for sanctions under Rule 37 untimely when brought 11 months after event at issue); *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, 2012 WL 4052023, at *5 (C.D. Cal. Sept. 14, 2012) (motion for sanctions under Rule 37 untimely when brought six months after event at issue).

The Honorable Cheryl L. Pollak
November 27, 2018
Page 3 of 7

Further, Plaintiffs' later actions in discovery—even if improper (which they were not)—do not make their earlier actions in discovery sanctionable *nunc pro tunc*. *See Gutman v. Klein*, 2010 WL 4916722, at *8 (E.D.N.Y. Nov. 24, 2010) ("'additional evidence of discovery deceptions uncovered . . . [later] did not alter the fact that [plaintiff] could, and should, have taken action years earlier'") (alterations in original) (citation omitted), *aff'd*, 515 F. App'x 8 (2d Cir. 2013). Allstate apparently did not believe that Plaintiffs' initial refusal to produce their maid's name was sanctionable under Rule 37, or else it would have sought sanctions when it made its June 3, 2017 motion to compel. Thus, Allstate cannot rely on Plaintiffs' later conduct as a basis to hold their earlier conduct sanctionable.

***Third***, Allstate's request for sanctions related to this motion to compel should be denied because Allstate fails to identify the time its counsel spent preparing this motion. Allstate claims that it is entitled to recover fees for 4 hours of attorney time and 0.6 hours of paralegal time incurred in preparing this motion. But the "motion to compel" that Allstate seeks to bill Plaintiffs for *in its entirety* included requests for relief unrelated to the name of Plaintiffs' maid. Dkt. No. 94. Indeed, the part of this motion related to the name of Plaintiffs' maid is just three paragraphs, and could not have taken Allstate's counsel—who has been practicing law for 17 years (Dkt. No. 232-2 ¶ 2)—four hours to draft. Since Allstate has not identified the time its counsel spent preparing *this* motion—rather than a motion for separate relief—this motion for sanctions should be denied.

## 2. **Plaintiffs' Maid's Adjournment of Her Deposition**

Allstate seeks its fees and costs incurred because of Plaintiff's maid's rescheduling of her deposition in November 2017. Dkt. No. 232 at 3-4. Specifically, Allstate complains that this maid—after confirming a date for her deposition—later asked to adjourn this date so that she could get counsel. *Id.* at 3. And as a result of this adjournment request—which the maid made through her anticipated counsel the day before the originally-scheduled deposition date—Allstate's counsel flew from Chicago to New York and incurred unnecessary travel expenses, which Allstate seeks to recover from Plaintiffs. *Id.* Allstate also seeks to recover from Plaintiffs the "duplicative attorneys' fees required to prepare and travel again for the maid's deposition when it took place in December." *Id.* at 4. Allstate's request for sanctions should be denied.

***First***, even if Plaintiffs were responsible for this last-minute adjournment request (as explained below, they are not), this Court lacks authority under Rule 37 to impose sanctions for it, because Rule 37 authorizes an award of only those fees and costs incurred in making or opposing a motion to compel. *See* Fed. R. Civ. P. 37(a)(5). Here, Allstate concededly seeks recovery of ***only*** its travel costs and deposition-preparation expenses, not its fees or costs incurred in making a motion to compel. Thus, this part of Allstate's motion should be denied for this reason alone. *See S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *11

The Honorable Cheryl L. Pollak
November 27, 2018
Page 4 of 7

(S.D.N.Y. Feb. 27, 2015) (under "plain language" of Rule 37(a)(5), party is "only entitled to 'reasonable expenses for the motion'" to compel).

*Second*, to the extent Allstate is entitled to its fees and costs incurred because of this adjournment request, it is not entitled to those fees and costs from Plaintiffs. Indeed, Allstate concedes that it was the maid's anticipated counsel—not Plaintiffs or their counsel—who requested the last-minute adjournment. Allstate argues that the maid's "last minute retainer" of counsel was "instigated by Mr. Toussie himself," and that "Mr. Toussie paid for her lawyer." *Id.* at 3. But most employers pay for their employee's counsel when that employee is being deposed in connection with her work-related duties. Indeed, Allstate presumably does this for its employees as well.

Thus, there is nothing nefarious about Mr. Toussie "instigat[ing]" his maid's retention of counsel, or his payment for that counsel. To the contrary, Allstate should have expected—and likely did expect—that Plaintiffs would do exactly this, and cannot complain when an unrepresented party with whom Allstate was dealing asks for an adjournment to retain counsel. And even if the maid and her anticipated counsel should have requested this adjournment earlier, there is no evidence that Plaintiffs had anything to do with the timing of this request. To the contrary, neither the maid nor her counsel had any authority to act on Plaintiffs' behalf, so neither the maid's nor her counsel's actions may be attributed to Plaintiffs.

*Third*, Allstate does not explain why it was necessary or reasonable for a senior Dentons attorney to travel from Chicago for this deposition, especially when the counsel who has handled virtually all aspects of this case—including almost all conferences with the Court—is based in New York. While Allstate is entitled to fly in attorneys from all over the world to handle this case, Plaintiffs should not have to shoulder the additional costs Allstate incurs in doing so. These costs are thus not reasonable.

*Fourth*, Allstate does not explain why it was necessary for this senior Dentons attorney to spend **ten and a half hours** on "renewed preparation" (Dkt. No. 232-2 ¶ 6) before the maid's December deposition—which occurred only a few weeks after originally scheduled. If this attorney had prepared for the maid's deposition the first time, he should have required only a short refresher before the rescheduled date. Anything more than this—and certainly **ten and a half hours**—could not be duplicative of his original preparation, if he even prepared before the originally-scheduled date. Indeed, tellingly, Allstate does not submit this attorney's time records showing his preparation before the originally-scheduled deposition date. And if this attorney did spend ten and a half hours on "renewed preparation," this was not reasonable either.

The Honorable Cheryl L. Pollak
November 27, 2018
Page 5 of 7

### 3. Plaintiffs' Motion to Compel Production of Allstate's Counsel's and Paralegal's Notes from the CFASS Inspection

Allstate seeks its fees incurred in opposing Plaintiffs' motion to compel production of its counsel's and paralegal's notes from the CFASS inspection, because—according to Allstate— "notes taken by opposing counsel during a litigation are clearly privileged work product, and Plaintiffs made absolutely no showing of need for the attorney notes, as plainly required under the law to obtain such material." Dkt. No. 232 at 4-5. Allstate's request for sanctions should be denied.

"'Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (citation omitted). And "'[w]hen a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law.'" *Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (alteration in original) (citation omitted). Further, just because an argument is "unavailing" does not mean that it was made without substantial justification. *Klein*, 979 F. Supp. 2d at 442.

While this Court denied Plaintiffs' motion to compel the production of these notes (Dkt. No. 198 at 23-25), it did so only after the parties extensively briefed complicated issues related to work-product privilege, waiver, and substantial need (Dkt. No. 187 at 3-4; Dkt. No. 188 at 2-3; Dkt. No. 190 at 1-2). And even in ruling against Plaintiffs on this motion, this Court devoted three pages of case citations and legal analysis to doing so, and nowhere held that Plaintiffs' arguments in this motion—though unsuccessful—were frivolous or not substantially justified. Dkt. No. 198 at 23-25. This motion was thus substantially justified, and so sanctions are not appropriate. *See Klein*, 979 F. Supp. 2d at 442 (denying sanctions request when argument, though "unavailing," was "not without substance"); *Comprehensive Habilitation Servs., Inc.*, 240 F.R.D. at 87 (denying sanctions request when argument, "although not persuasive," could be "characterized as a justification having 'substan[ce]'") (alteration in original).

### 4. Allstate's Motion to Deem Plaintiffs' Responses to Allstate's Requests for Admission Admitted

Allstate seeks its fees incurred in moving to have Plaintiffs' responses to Allstate's RFAs—to which Plaintiffs objected—deemed admitted, because Plaintiffs' "rote objections of

The Honorable Cheryl L. Pollak
November 27, 2018
Page 6 of 7

irrelevance" had "no reasonable basis." Dkt. No. 232 at 4. Allstate's request for sanctions should be denied.

*First*, this Court already granted Allstate appropriate relief related to Plaintiffs' RFA responses by deeming these RFAs admitted. Dkt. No. 198 at 23. Thus, there is no need to further sanction Plaintiffs for these responses. Indeed, this Court could have merely compelled Plaintiffs to substantively answer these RFAs, and Plaintiffs could have then decided whether to admit or deny them. But instead, this Court deemed these RFAs admitted, so Plaintiffs lost this option. Therefore, this Court fully vindicated its own and Allstate's interest in preventing what this Court held were "frivolous" and "utterly improper" (*id.* at 23) objections to Allstate's RFAs. Further sanctions are not necessary.

*Second*, while this Court held that some of Plaintiffs' RFA responses were "not substantially justified," it also held that other of Plaintiffs' objections "raised legitimate arguments," and sustained these other objections. *Id.* at 23, 26. When a party "only obtain[s] some of the relief sought" in a motion to compel, the "imposition of sanctions" is "discretionary," not mandatory. *All. Indus., Inc. v. Longyear Holding, Inc.*, 2010 WL 3991636, at *3 (W.D.N.Y. Oct. 12, 2010). Here, Allstate's motion to deem Plaintiffs' RFA responses admitted was only partially successful. Dkt. No. 198 at 23. So because Plaintiffs have heeded this Court's warning that "[a]ny *future* failures will result in sanctions" (*id.* at 26), this Court should exercise its discretion to not sanction Plaintiffs for some of their RFA responses.

*Third*, even if this Court wanted to exercise its discretion to sanction Plaintiffs for these RFA responses, it must "apportion the reasonable expenses for the motion" between the successful and unsuccessful parts. Fed. R. Civ. P. 37(a)(5)(C). In its sanctions request, Allstate seeks payment of the fees it incurred for 49.8 hours of attorney and paralegal time researching, drafting, and filing this motion to compel. Dkt. No. 232-2 ¶ 7. This amount of time—which included three attorneys working on this motion—was not reasonable even for the entirety of Allstate's motion. But in any event, Allstate generally does not divide the time its attorneys spent working on its motion to compel related to its RFAs (which totaled only three pages (Dkt. No. 182 at 1-3; Dkt. No. 188 at 1-2)) and its opposition to Plaintiffs' motion to compel production of its attorney's and paralegal's notes, which was part of the same filing and, as explained above, is not reimbursable. *See* Dkt. No. 232-7. And because Allstate was only partially successful on its motion related to its RFAs, its reasonable fees incurred in making its motion related to the RFAs would have to be further apportioned between the successful and unsuccessful parts.

"In light of the additional time and expense that would be imposed upon both parties by offering them each an opportunity to be heard with respect to the imposition of costs," an award of expenses here would "not only be unjust, but also would do little to further Rule 37's purpose of minimizing the resources which courts expend in resolving discovery

The Honorable Cheryl L. Pollak
November 27, 2018
Page 7 of 7

disputes." *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 103 (S.D.N.Y. 1997). This Court should thus deny Allstate's request for sanctions on this motion.

Respectfully submitted,

/s/ Jeffrey M. Eilender
Jeffrey M. Eilender

cc:     All counsel of record (by ECF)