大成 DENTONS

**Brendan E. Zahner**

brendan.zahner@dentons.com
D  +1 212 768 5339

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

December 10, 2018

**BY CM/ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    *Toussie v. Allstate Insurance Company*, **Case No. 1:15-cv-5235-ARR-PK**

Dear Magistrate Judge Pollak:

       We represent Defendant Allstate Insurance Company ("Allstate") and write in reply to
Plaintiffs' opposition to Allstate's motion for the Court to impose sanctions upon Plaintiffs.

       Allstate recounted a small sample of Plaintiffs' continuous and ongoing pattern of improper
discovery conduct in its motion. This Court itself has also noted that it was "deeply troubled by the
pattern of seeking to thwart proper discovery requests and to delay this litigation." *See Toussie v.
Allstate*, No. 15 CV 5235, 2017 U.S. Dist. LEXIS 178571, at *2-3 (E.D.N.Y. Oct. 27, 2017) (Dkt.
117.)  Plaintiffs do not specifically challenge Allstate's showing of repeated discovery abuses or
this Court's concern regarding the pattern of improper discovery conduct and frivolous arguments
in this case.  As shown in Allstate's motion and below, Plaintiffs' baseless objections to Allstate's
Requests to Admit and their frivolous cross-motion to compel, and their improper conduct
concerning the disclosure of their housekeeper's name and her deposition are examples of this
discovery abuse and warrant the imposition of sanctions.

       1.      Sanctions Should Be Awarded for Plaintiffs' Baseless Objections to Allstate's
               Requests to Admit and Frivolous Cross-Motion to Compel

       Although this Court initially "assume[d] that plaintiffs' new counsel is not seeking to
perpetuate the pattern of improper discovery conduct and frivolous arguments" (Dkt. 154 at 3-4),
Plaintiffs' subsequent objections to Allstate's Requests to Admit ("Requests") proved the Court
wrong.  Indeed, Plaintiffs asserted that Requests concerning the property removed from Plaintiffs'
house after Sandy -- the "paramount issue of fact in the case" (Dkt. 198 at p. 22) -- were
"irrelevant," demonstrating that Plaintiffs' pattern of obstruction and discovery abuse was

**大成 DENTONS**

The Honorable Cheryl L. Pollak
December 10, 2018
Page 2

大成 **Salans FMC SNR Denton McKenna Long**
dentons.com

continuing.  Allstate was forced to file a motion to compel, and in granting the same, this Court found Plaintiffs' objections to be "frivolous and utterly improper." (Dkt. 198 at p. 22-23.)  In opposing Allstate's motion to compel, Plaintiffs raised arguments that the Court itself declined to "waste time addressing."  And then Plaintiffs' counsel compounded their misconduct by filing a cross-motion to compel the production of Allstate's counsel's notes.  Although Plaintiffs seek to avoid sanctions for that cross-motion by arguing that it raised "complicated issues," that simply is not the case. (Dkt. 237 p. 5.)  The Court found that the notes taken by Allstate's counsel during the inspection "are clearly work product," and despite ample case law requiring Plaintiffs to demonstrate a "substantial need" for the notes, Plaintiffs made "absolutely no showing" of need. (Id. p. 25.)  Plaintiffs' waiver argument fared no better, with the Court noting that Plaintiffs could not "even begin to suggest" that the notes were shared with Plaintiffs, CFASS or their counsel, and finding there was "no basis" to find a waiver.  (Id., p. 24.)  Moreover, it must be emphasized that the attorney notes at issue concerned the inspections of Plaintiffs' own property, inspections that Plaintiffs' own counsel attended and property to which Plaintiffs have unfettered access.  Plaintiffs did not have a substantial basis for their attempt to acquire the notes of their opposing counsel as needed to avoid sanctions, because they made "absolutely no showing" of need and their waiver argument had "no basis." (Id.)

While the Court has latitude to reduce the fees on the theory that Allstate's motion to compel was only "partially successful," as a factual matter the motion to compel responses to the Requests did not make separate arguments for each request, so there is no sound basis upon which to calculate such a reduction -- the cost to Allstate would have been identical even if Allstate had chosen not to challenge the few responses that the Court did not find frivolous.

Moreover, the comments to FRCP 37 note that the "imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery."  Deeming the Requests admitted, when they could hardly be disputed in good faith to begin with, is hardly a deterrent, and the point of sanctions is to deter the very conduct Plaintiffs insist on continuing.  The $12,550 incurred on the motion and cross-motion is already both a minimal deterrent in the context of Plaintiffs' wealth and substantially less than what the motion cost Allstate, because Allstate is only requesting the lower rates that have been awarded in the Eastern District (rather than the higher rates actually paid).  The Court should therefore decline to reduce the amount sought in any way, and should order that Plaintiffs pay the full amount of $12,550 and all other amounts sought in Allstate's motion, within two weeks.

2.      Sanctions Should Be Awarded Regarding Plaintiffs' Deceitful Conduct
        Surrounding the Disclosure of the Housekeepers' Name and Her Deposition

With regard to Plaintiffs' refusal to identify their maid, Plaintiffs' argument that they "had no obligation" to tell Allstate this information demonstrates that their dismissive attitude towards legitimate discovery has not changed, and that the full amount of requested sanctions should be

大成 DENTONS

大成 Salans FMC SNR Denton McKenna Long
dentons.com

awarded as a mild deterrent to future misconduct. (Dkt. 237 p.1.)  It is important to clarify that Plaintiffs did not merely delay in producing their maid's name as they suggest in their opposition. Instead, they affirmatively lied to Allstate by falsely claiming that "there was no long-term housekeeper or maid who assisted with the packing." (Dkt. 94-5 at p. 3.)  Ms. Burnette confirmed in her deposition that she had been the Toussies' housekeeper since 1991 and that she assisted with packing the house after Superstorm Sandy.  Plaintiffs also made clear that even months after the Court had ordered that Allstate could take the deposition of their maid, Plaintiffs had "very serious objection . . . to disclosing or divulging the name of this person" for reasons the Toussies considered "very important." (October 3, 2017 conference at 8:1-4.)  The Toussies' misrepresentations were an intentional and conscious effort to prevent their maid's deposition even after the Court had ruled that Allstate could take the deposition. The Toussies only provided the name of their maid after this Court stated that the failure to do so would result in an adverse inference instruction.  (Id. at 11:19-25.)

The Toussies cite no authority for their claim that they had no obligation to respond[1] to Allstate's "informal" request for their maid's name.  Several courts have noted that informal discovery requests are not uncommon in the Southern and Eastern Districts, and that Courts in these Districts enforce such requests.  *See, e.g., Armamburu v. Healthcare Fin. Servs., Inc.*, No. CV 2002-6535( ARR)(MDG), 2007 WL 2020181, at *3 (E.D.N.Y. July 6, 2007); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, No. 11 CIV. 2574 CM JCF, 2012 WL 1123736, at *6 (S.D.N.Y. Apr. 4, 2012).  Plaintiffs' assertion that a more formal interrogatory should have been served is no excuse for Plaintiffs' dilatory and abusive conduct.  Serving an interrogatory for the maid's name and waiting 30 days for a response would have been wasteful and inefficient[2] under any circumstance, but particularly when the Court had allowed 60 days to complete depositions (Dkt. 92 at p. 15).  Furthermore, in the October 3, 2017 conference Plaintiffs admitted that they objected to providing their maid's name despite the Court ordering her deposition; the form of Allstate's original request in May of 2017 plainly would have made no difference. (*See also* Dkt. 225, pending motion to compel based in part on Plaintiffs' refusal to answer interrogatories.)  Only the Court threatening an adverse inference instruction produced the information.

The Toussies are also incorrect in claiming that it is too late to impose sanctions regarding their conduct surrounding their maid's deposition.  Notably, the Toussies do not claim that delay has caused any substantive reason to deny the motion, such as prejudice, and no such reason exists.

---

[1] It is unclear whether the Toussies also believe they are entitled to lie in response to "informal" discovery requests, which is what they actually did.

[2] Counsel are expected under Local Rule 26.4 to cooperate in discovery, not to impose unnecessary burdens or obstacles on discovery.  The attitude of the Toussies' counsel to that expectation is well documented in the motion pending as Dkt. 225 and the exhibits thereto, and if it chose to, Allstate could catalog a number of additional instances in which Plaintiffs attempted to hinder discovery.

大成 **DENTONS**

The Honorable Cheryl L. Pollak
December 10, 2018
Page 4

大成 **Salans FMC SNR Denton McKenna Long**
dentons.com

In calculating and claiming a 17 month delay, the Toussies are also ascribing to Allstate the substantial delays caused by Plaintiffs' own repeated changes in counsel: 3.5 months between Mark Goidell moving to withdraw on June 14, 2017 and the next court conference on October 3, 2017, and 3 months between Abrams Fensterman moving to withdraw on December 21, 2017 and the Court-imposed stay expiring on March 30, 2018. During the time that the case was actually active, the Toussies were repeatedly trying to prevent or hinder the court-ordered inspections at CFASS.

More importantly, the authority cited by Plaintiffs makes clear that "Rule 37 does not establish any time limits within which a motion for sanctions must be filed . . ." *In re Terrorist Attacks on September 11, 2001*, 03-MD-1570(GBD)(SN), 2018 WL 4096106 (Aug. 27, 2018 S.D.N.Y.)(six year delay found unreasonable); *Mercy v. Suffolk Cty., New York*, 748 F.2d 52, 55–56 (2d Cir. 1984)(sanctions motion waived if not made before judgment); *Citgo Petroleum Corp. v. Odfjell Seachem*, 2013 WL 2289951, at *11 (S.D. Tex. May 23, 2013)(claim of "egregious" witness interference should have been brought earlier.) The main concern of the case law is that sanctions motions be made while the conduct is "fresh in [the] mind" of the judge and that any delay not be unreasonable. *Mercy*, 748 F.2d at 55–56.

The discovery misconduct of the Toussies is well known to the Court and well documented in the transcripts of the numerous hearings held in this case. The Court has been repeatedly required to intervene because of Plaintiffs' conduct and positions, and the Court has been patient with both the delays and expense caused by the Toussies' misconduct. Allstate should not be faulted for choosing to focus on obtaining discovery and not burdening the Court earlier with additional motion practice for sanctions, during the time that Allstate was inspecting the property at CFASS and fighting the Plaintiffs' efforts to stop that inspection at every step. With the misconduct ongoing, the time is right to deter Plaintiffs from further discovery abuse, and the misrepresentations and refusal to identify their maid and the last minute cancellation of her previously confirmed deposition caused by Mr. Toussie are part of Plaintiffs' persistent and ongoing effort to delay the case and thwart discovery.

The Court should award the full amount of fees sought by Allstate on the motion to compel Ms. Burnette's name and the fees and expenses associated with rescheduling her deposition at the last minute. As noted above, the amounts at issue are already modest compared to Plaintiffs' wealth and with regard to the attorneys' fees sought, represent a significant reduction from the hourly rates actually paid by Allstate.[3]

---

[3] Plaintiffs challenge the need for a "senior Dentons attorney" to travel from Chicago for the deposition, but Allstate specifically retained Mr. King for this case because of his almost 40 years of experience with Allstate matters. Plaintiffs cite no authority for the proposition that a party who has engaged in frivolous and abusive discovery conduct has the right to object to the moving party's choice of counsel.

大成 DENTONS

The Honorable Cheryl L. Pollak
December 10, 2018
Page 5

大成 **Salans FMC SNR Denton McKenna Long**
dentons.com

The Court has warned Plaintiffs for more than a year that their conduct in this litigation is both troubling and unacceptable, and that sanctions could be imposed for further misconduct.  That misconduct has not abated, and Plaintiffs' cavalier attitude towards their obligations continues even in opposition to this sanctions motion.  The Court should grant the motion and order Plaintiffs to pay $23,210.85 to Allstate within two weeks pursuant to FRCP 37 for the motions and conduct described above and in Allstate's moving papers.

Respectfully submitted,

/s/ Brendan E. Zahner

cc:   All parties of record (via ECF)