Jeffrey M. Eilender
Partner

jeilender@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

December 11, 2018

**BY ECF**

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Toussie, et al., v. Allstate Insurance Co.*, Case No. 15-cv-5235 (ARR) (CLP); Motion for Leave to Submit Surreply in Further Opposition to Allstate's Motion for Sanctions (Dkt. No. 232)

Dear Judge Pollak:

This firm represents Plaintiffs Robert and Laura Toussie in this action.

As this Court knows, "'courts have broad discretion to consider arguments in a sur-reply.'" *New York Univ. v. Factory Mut. Ins. Co.*, 2018 WL 1737745, at *4 (S.D.N.Y. Mar. 27, 2018) (alteration in original) (citation omitted). And courts will grant leave to file a surreply when there are "new argument[s] raised in [the movant's] reply." *McIntosh v. United States*, 2016 WL 1274585, at *7 (S.D.N.Y. Mar. 31, 2016). We thus write to seek leave to submit the following surreply in further opposition to Allstate's motion for sanctions (Dkt. No. 232) to address new arguments that Allstate raises for the first time on reply.

*First*, Allstate argues for the first time on reply that its sanctions motion includes only a "small sample of Plaintiffs' continuous and ongoing pattern of improper discovery conduct," and that what Allstate included in its motion were just "examples." Dkt. No. 239 at 1. But this Court may award sanctions under Rule 37 only after Plaintiffs have an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5). So to the extent Allstate suggests that this Court should sanction Plaintiffs for actions they took in discovery that are *not* part of Allstate's motion, this suggestion is erroneous.

*Second*, Allstate argues for the first time on reply that the Court should award monetary sanctions against Plaintiffs because the amount Allstate seeks in its motion is "substantially less" than what the motion to compel "cost Allstate, because Allstate is only requesting the lower rates that have been awarded in the Eastern District (rather than the higher rates actually paid)." Dkt. No. 239 at 2. But that Allstate chooses to pay "substantially" higher rates to its

The Honorable Cheryl L. Pollak
December 11, 2018
Page 2 of 2

lawyers than what courts in this District consider reasonable is not a basis, or even a factor in deciding whether, to shift a portion of Allstate's concededly-too-high legal fees to Plaintiffs.

***Third***, Allstate argues for the first time on reply that the Court should not "reduce the fees" for its only-partially-successful motion to compel Plaintiffs' responses to Allstate's RFAs because in this motion to compel, Allstate "did not make separate arguments for each request," so the "cost to Allstate would have been identical even if Allstate had chosen not to challenge the few responses that the Court did not find frivolous." *Id.* at 2. But following Allstate's logic, Allstate's cost would have also been identical if Allstate challenged only the responses this Court upheld—in which case Allstate would have no basis to seek sanctions under Rule 37. So by its own admission, since Allstate challenged *all* Plaintiffs' RFA responses, Allstate did not spend any extra money challenging the responses this Court held were frivolous. Thus, this is another reason why monetary sanctions here would "not only be unjust, but also would do little to further Rule 37's purpose of minimizing the resources which courts expend in resolving discovery disputes." *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 103 (S.D.N.Y. 1997).

***Fourth***, Allstate argues for the first time on reply that Plaintiffs' "cavalier attitude towards their obligations continues even in opposition to this sanctions motion." Dkt. No. 239 at 5. But this is a gross mischaracterization of Plaintiffs' opposition—which explains in detailed, thorough legal analysis—with supporting authority—why this Court should deny Allstate's sanctions motion. Allstate's attempt to point to Plaintiffs' defense against Allstate's over-reaching sanctions motion as further noncompliance is itself frivolous, and is intended to discourage Plaintiffs and their counsel from defending against Allstate's attacks. This Court should reject this sharp practice, and deny Allstate's sanctions motion in its entirety.

Respectfully submitted,

/s/ Jeffrey M. Eilender
Jeffrey M. Eilender

cc:     All counsel of record (by ECF)