大成 DENTONS

Brendan E. Zahner

brendan.zahner@dentons.com
D +1 212 768 5339

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

December 12, 2018

**BY CM/ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Toussie v. Allstate Insurance Company*, **Case No. 1:15-cv-5235-ARR-PK**

Dear Magistrate Judge Pollak:

We represent Defendant Allstate Insurance Company ("Allstate") and write to oppose Plaintiffs' letter motion to file a sur-reply regarding Allstate's motion for sanctions.

Sur-replies are not part of normal briefing practice in federal court.  If the rule was otherwise, there would be an endless stream of sur-replies, responses to sur-replies, sur-sur-replies, etc. *ad infinitum*.  *See, e.g., Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.' ") (citations omitted).

Here, there is no basis for altering the normal briefing practice.  Two of the arguments that Plaintiffs seek to address were raised in Allstate's opening memorandum, but Plaintiffs chose not to address them in their response.  *See* Allstate's recitation of Plaintiffs' pattern of discovery abuse (Dkt. 232, pp. 1-2); the fact that Allstate was seeking attorneys' fees at a lower rate than actually incurred (*Id*. at p. 5).  Sur-replies are generally not permitted when a party had an adequate opportunity to address the supposedly new issue.  *See, e.g., Cost v. Supermedia*, No. 10 Civ. 4066 (JGK), 2012 WL 2829526 *1 (S.D.N.Y. Jul. 9, 2012) (denying motion to file a sur-reply "[b]ecause the plaintiff has had an adequate opportunity to respond to the defendant's motion").

The remaining two arguments that Plaintiffs claim were made for the first time in Allstate's reply specifically respond to arguments Plaintiffs raised in their opposition.  In its reply, Allstate is not required to simply repeat what it already said in its moving papers: responding to arguments made in Plaintiffs' opposition is the very purpose of a reply brief.  *See, e.g., Bayway Ref. Co. v.*

大成 DENTONS

The Honorable Cheryl L. Pollak
December 12, 2018
Page 2

大成  Salans FMC SNR Denton McKenna Long
dentons.com

*Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.")

The motion for leave to file a sur-reply should be denied.

                                                    Respectfully submitted,

                                                    /s/ Brendan E. Zahner

cc:   All parties of record (via ECF)