

Hunton Andrews Kurth LLP
200 Park Avenue
New York, NY 10166
+1.212.309.1000 Phone
HuntonAK.com

Joseph A. Palella
+1.212.850.2839 Phone
jpatella@HuntonAK.com

June 3, 2019

**VIA ECF FILING**
The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Toussie, et al. v. Allstate Insurance Co., Case No. 15-cv-5235 (ARR) (CLP)*

Dear Judge Pollak:

    Our firm is counsel to Christie's Fine Art Storage Services Inc. ("CFASS"). Pursuant to Your Honor's Order of June 8, 2018 [ECF No. 198], which was affirmed by Judge Ross' Order of August 15, 2018 [ECF No. 229], 58 boxes belonging to Plaintiffs Robert and Laura Toussie ("Plaintiffs") and stored at CFASS' facility remain subject to the Court's previously entered preservation order on October 20, 2017 ("Preservation Order") [ECF No. 110]. Plaintiffs have an additional 202 boxes stored at CFASS that are not subject to the Preservation Order. For the reasons discussed below, CFASS respectfully requests that this Court direct the parties to make arrangements for the future storage of all 260 boxes at a different facility.

    As CFASS explained in its motion for a protective order and payment of legal fees [ECF No. 155], which CFASS subsequently withdrew without prejudice, CFASS is a disinterested non-party that has been unduly burdened by the actions and demands of the parties in this matter. Specifically, CFASS had to divert resources away from its business operations to allow for multiple inspections on its premises. CFASS was also forced to retain outside counsel to be present for these inspections to combat prior instances of harassment toward CFASS staff. To add insult to injury, CFASS has been storing the subject boxes for the least year and a half without receiving any payment for such services.

    CFASS initially sent Plaintiffs' representative an invoice in December of 2017, seeking payment of the annual storage charge of $23,760.00 for 2018. CFASS sent reminders over the subsequent months, all of which were ignored. In December 2018, the undersigned counsel attempted to resolve this issue directly with Plaintiffs' prior counsel, who tried to shift the responsibility for payment to Defendant Allstate Insurance Company. In the meantime, Plaintiffs have also failed to pay the annual storage charge for 2019, and presently owes CFASS a total of $47,520.00.

Case 1:15-cv-05235-ARR-PK   Document 265   Filed 06/03/19   Page 2 of 2 PageID #: 5975

The Honorable Cheryl L. Pollak
June 3, 2019
Page 2

Pursuant to Plaintiffs' Private Unit Storage Agreement (the "Storage Agreement") with CFASS, if the Depositor (i.e., Plaintiffs) fails to make payment when due, CFASS may deny Depositor access to and overlock the storage space until Depositor pays the occupancy charge or such other charges. If Depositor continues to be noncompliant, CFASS may then commence the process to sell Depositor's personal property in accordance with Section 182 of the New York State Lien Law.

While CFASS has every right to enforce the Storage Agreement and seek recovery of all amounts it is entitled to receive thereunder, as well as renew its prior motion for a protective order – all of which CFASS expressly preserves – CFASS simply wants to be rid of any further involvement with the parties to this litigation and the litigation itself. Accordingly, unless either or both of the parties are willing to pay the outstanding storage charges owed to CFASS and an advance for 2020, CFASS respectfully requests that this Court direct the parties to make immediate arrangements to remove all of Plaintiffs' boxes from CFASS' facility without disturbing the Preservation Order.

We understand that Your Honor has scheduled a Status Conference for this matter on June 12, 2019 at 4:00 p.m., and we would be willing to participate in that conference to resolve this issue. Thank you for your consideration.

Respectfully submitted,

Joseph A. Patella

cc:   Counsel of Record -- via ECF

117065.0276291 EMF_US 74428792v1