# HAMBURGER, MAXSON, YAFFE & McNALLY, LLP

ATTORNEYS AT LAW

225 BROADHOLLOW ROAD, SUITE 301E

MELVILLE, NEW YORK 11747

631.694.2400

FAX: 631.694.1376

HMYLAW.COM

RICHARD HAMBURGER
rhamburger@hmylaw.com

June 19, 2019

**VIA ECF**

Hon. Cheryl L. Pollak, Magistrate Judge
U.S. Eastern District Court
225 Cadman Plaza East
Brooklyn, NY  11201

Re:     Toussie v. Allstate Insurance Company
        Case No.:  15-CV-05235 (ARR)(CLP)

Dear Judge Pollak,

On behalf of Mrs. Toussie, I request that Your Honor exercise the Court's ancillary jurisdiction to hear and resolve fee disputes and lien claims and schedule a hearing to fix the amount of the attorney's lien claimed by prior counsel, Schlam, Stone & Dolan, LLP (the "Schlam Firm").  *See, Garcia v. Teitler,* 443 F.3d 202, 208 (2d Cir. 2006) ("we have long approved of the exercise of ancillary jurisdiction by district courts to resolve fee disputes arising in civil cases"); *Louima v. City of N.Y.,* 2004 WL 2359943, *55-56 (E.D.N.Y. 2004) (observing "federal courts . . . independent authority to regulate attorney admission and withdrawal, and ancillary to that, the authority to determine attorney's fee disputes and regulate attorney's fee liens").

In connection with that hearing, I also ask the Court to direct the Schlam Firm to provide me, at least three business days in advance, copies of all the bills rendered to Mr. Toussie in this matter plus its retainer letter with Mr. Toussie, if any.  Production of these invoices and the retainer agreement is certainly not burdensome. The hearing will take no more than an afternoon, after which the Court can determine the amount of the lien.  That amount will be promptly paid and I can then secure the case files that the Schlam Firm has previously refused to release.  I also ask that the hearing be conducted under seal so as not to disclose client confidential information to Allstate.

HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
June 19, 2019
Page 2


        We need the Schlam Firm case files because there has been extensive
discovery in this matter that is not reflected in the documents that have been electronically
filed.  I understand that thousands of pages have been exchanged.  We have no access to
those productions and do not even know all the demands that were made by the parties for
documents and other disclosures.  Nor are we privy to prior communications between the
parties' attorneys concerning the disputed theft claim and this action, including pre-action
communications (which I was told were provided to the Schlam Firm by counsel that
preceded the Schlam Firm).  I also do not know what investigative material or information
provided by Mr. and Mrs. Toussie resides in the Schlam Firm's files.

        All in all, the documents and materials in the Schlam File are likely to be
invaluable to me in understanding and analyzing the factual and legal issues presented by
this case and in representing Mrs. Toussie more effectively, in ways that I am not even in
a position to know.

        I have been told by Allstate's attorneys not to ask them for any documents (*see*
my attached e-mail exchange with Mr. Zahner and Mr. Meyerhoff dated June 10, 2019)
and, in any event, Allstate's attorneys would not have any of the client confidential
materials provided to the Schlam Firm.

        Finally, I request that the case be stayed for a reasonable period to allow the
hearing to take place, the lien to be paid, and the files to be delivered and reviewed.

                                Respectfully,

                                Richard Hamburger

/lc
Attachment

c:      Via ECF:
        Gary Meyerhoff, Esq.
        Brendan E. Zahner, Esq.
        Frederick P. Stern, Esq.


RH to Pollak - 2019.06.19.wpd

**Richard Hamburger**

| | |
|---|---|
| **From:** | Meyerhoff, Gary <gary.meyerhoff@dentons.com> |
| **Sent:** | Monday, June 10, 2019 1:37 PM |
| **To:** | Richard Hamburger; Zahner, Brendan E. |
| **Subject:** | RE: Toussie / Allstate |

Richard:

You say "I don't mean to burden you," and then you do.   You are asking us to spend our client's time helping you re-assemble files for your client.

Magistrate Judge Pollak already told prior counsel that they should review the docket carefully and that the case "does not start anew each time there is a change in attorney."   You apparently have not done that, or even consulted with your co-counsel, Mr. Stern, who is *still* Ms. Toussie's counsel of record.

The relevant excerpts of the transcript you are asking for are filed as an exhibit to our Amended Answer as Ex. J.   If you want the whole transcript, you can ask the court reporter for it.   Her contact info is on the first page of Ex. J.   In any event, asking us to provide it circumvents the reporter's right to receive payment for transcripts.

As for the exhibits filed under seal, they were served on Mr. Stern by email the day the amended answer was filed.

Your client has chosen her own course in hiring and firing multiple counsel, not paying them, and getting hit with multiple retention liens.   She and her new counsel can do what is necessary to make sure they have the files needed to continue to litigate an action she initiated.   This is not Allstate's responsibility.

Please do not put us in the position of having to respond to any more of these requests.

Thanks,

Gary

大成 DENTONS   **Gary Meyerhoff**

D +1 212 768 6740  |  US Internal 16740
gary.meyerhoff@dentons.com
Bio  |  Website

Dentons US LLP
1221 Avenue of the Americas, New York, NY 10020-1089

Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners > ??

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Richard Hamburger <rhamburger@hmylaw.com>
**Sent:** Monday, June 10, 2019 10:25 AM
**To:** Meyerhoff, Gary <gary.meyerhoff@dentons.com>; Zahner, Brendan E. <brendan.zahner@dentons.com>
**Subject:** Toussie / Allstate

Gary and Brendan,

I don't mean to burden you, but it would greatly assist our coming up to speed if you could provide us, as a courtesy, with the following:

1. Full transcript of 5/19/16 euo/settlement conference.
2. The exhibits to your amended answer that were filed under seal – Exhibts, E, F, G, H, I, J, X and Y.

Thank you.


Richard Hamburger, Esq.
Hamburger, Maxson, Yaffe & McNally, LLP
225 Broadhollow Road, Suite 301E
Melville, NY 11747
phone:  631.694.2400 x 207
fax:  631.694.1376
e-mail:  rhamburger@hmylaw.com
web:  www.hmylaw.com

CONFIDENTIALITY NOTE:  The information contained in this e-mail transmission is confidential or privileged.  The information is intended for the use of the individual or entity to which this information is addressed.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this e-mail transmission is prohibited.

Pursuant to U.S. Treasury Department Circular 230, unless we expressly state otherwise, any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding tax-related penalties; or (ii) promoting, marketing, or recommending to another party any matter(s) addressed herein.