Jeffrey M. Eilender
Partner

jeilender@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

June 20, 2019

**BY ECF & HAND DELIVERY**

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Toussie, et al., v. Allstate Insurance Co.*, Case No. 15-cv-5235 (ARR) (CLP);
       Response to Laura Toussie's Counsel's June 19, 2019 Letter

Dear Judge Pollak:

We write in response to Laura Toussie's counsel's June 19, 2019 letter (Dkt. No. 276), which Ms. Toussie's counsel e-mailed to us yesterday afternoon. As explained below, Ms. Toussie's request should be denied.

*First*, Ms. Toussie fails to inform the Court that, on March 29, 2019, Schlam Stone filed suit in New York State Supreme Court in New York County against Mr. and Ms. Toussie and their companies for all amounts they failed to pay us on all the matters in which we represented them, including this matter. This collection action is captioned *Schlam Stone & Dolan LLP v. Toussie, et al.*, Index No. 651880/2019 (Sup. Ct. N.Y. Cty.). Ms. Toussie's new counsel in this action, Mr. Hamburger, also knows about this collection action, because we e-mailed him a copy of the verified complaint after we filed it and asked whether he would accept service. A copy of this e-mail is attached as Exhibit A. This collection action was also the subject of a recent article in the *New York Law Journal*. *See* New York Law Journal, *Schlam Stone Files Suit Against 'Extremely Difficult' Ex-Client for $117K* (Apr. 1, 2019), *available at* https://www.law.com/newyorklawjournal/2019/04/01/schlam-stone-files-suit-against-extremely-difficult-ex-client-for-117k/.

Further, Ms. Toussie also fails to inform the Court that, on June 3, 2019, we moved for summary judgment against all defendants in the collection action; that this motion will be fully briefed in the new few weeks; and that all the billing information Ms. Toussie requests from us—*i.e.*, our bills in this matter and retainer letter (Dkt. No. 276 at 1)—is attached to the verified complaint we filed in the collection action, which we also e-mailed to Mr. Hamburger on March 29, 2019. A copy of our summary judgment papers—which include our verified complaint, bills, and retainer letter—is attached as Exhibit B. There is thus no need for an order directing us to provide these documents to Mr. Hamburger, since he already has them, and in any event, they are attached to this letter.

The Honorable Cheryl L. Pollak
June 20, 2019
Page 2 of 3

*Second*, this Court should not adjudicate issues related to our fee dispute with the Toussies, because that dispute is already before the New York State Supreme Court, and our motion for summary judgment against the Toussies is pending before that court. So any effort by this Court to adjudicate our right to be paid for our outstanding bills and how much we are entitled to be paid will necessarily interfere with the state court's adjudication of these same issues.

Further, Ms. Toussie's request here is particularly inappropriate given the posture of the collection case in state court. Indeed, there, we moved for summary judgment on our claims, so before getting to a factfinder, the Toussies must show that there is a triable issue of fact. We are confident they will be unable to do so, since the undisputed evidence in that case shows that we sent our bills to the Toussies each month, and they never specifically objected to any of them in writing—which created an account stated and precludes the Toussies from now challenging the bills. *See Chisholm-Ryder Co., Inc. v. Sommer & Sommer*, 70 A.D.2d 429, 431 (4th Dep't 1979) (account stated arises when "party receiving a statement of account keeps it without objecting to it within a reasonable time"); *Schlam Stone & Dolan LLP v. Shore Towers Condominium*, 2013 WL 663945 *2 (Sup. Ct. N.Y. Cty. Feb. 21, 2013) (plaintiff establishes its *prima facie* right to summary judgment on an account-stated claim by "producing 'documentary evidence showing that defendant received and retained the invoice without objection'") (citation omitted). In contrast, by seeking a hearing to fix the amount of our fees in this case, Ms. Toussie seeks to bypass our summary judgment motion and have this Court make factual findings on the same issues on which we moved for summary judgment in state court—and on which we expect she will not be entitled to a trial or fact-finding hearing.

*Third*, even if this Court were to involve itself in this fee dispute already pending in state court (it shouldn't), there is no need for a hearing. Indeed, as explained above and in greater detail in our attached summary judgment papers, the undisputed facts that we sent our bills to the Toussies every month and that they never specifically objected to these bills for over half a year show that we have an account stated against them for the full amount that we billed. *See Ellenbogen & Goldstein, P.C. v. Brandes*, 226 A.D.2d 237, 237 (1st Dep't 1996) ("Defendant's retention, without objection, of plaintiff's monthly bills and final bill for the **four-and-a-half-month** period between its receipt and commencement of this action, along with her payment of portion of the indebtedness, gave rise to an account stated."); *Citibank (S. Dakota), N.A. v. Runfola*, 283 A.D.2d 1016, 1016 (4th Dep't 2001) (finding account stated has been established where defendant retained invoice "without colorable objection for **over 4½ months** before the action was commenced"); *Spectra Audio Research, Inc. v. 60-86 Madison Ave. Dist. Management Ass'n, Inc.*, 267 A.D.2d 23, 24 (1st Dep't 1999) ("Summary judgment on the cause of action for an account stated was also properly granted based upon defendant's acceptance and retention of plaintiff's monthly rent bills, without objection, for **five months**."); *R.A. Associates v. Lerner*, 245 A.D.2d 437, 438 (2d Dep't 1997) (granting summary judgment where the evidence established that plaintiff invoiced defendant for its services and that defendant neither denied receipt of invoices or disputed charges for **four**

The Honorable Cheryl L. Pollak
June 20, 2019
Page 3 of 3

**months** after receipt); *Shea & Gould v. Burr*, 194 A.D.2d 369, 370 (1st Dep't 1993) ("The failure to object to the unitemized bill for a period of **five months** suffices to give rise to an account stated, especially in view of the partial payment made.") (emphases added).

So since an account has been stated, the Toussies are estopped from now disputing either their obligations to pay or the reasonableness of the amounts invoiced. Indeed, "[i]t is not part of a plaintiff's prima facie case on a claim for an account stated to show the reasonableness of the retainer agreement or its legal services." *Emery Celli Brinckerhoff & Abady, LLP*, 111 A.D.3d at 454. This is because the client's act of "'holding the statement without objection will be construed as acquiescence as to its correctness.'" *Cohen Tauber Spievak & Wanger, LLP v. Alnwick*, 33 A.D.3d 562, 562-63 (1st Dep't 2006) (citation omitted). Thus, having failed to timely and specifically object to our invoices to them, the Toussies cannot now argue that our fees as reflected in those invoices are unreasonable. *See Shore Towers*, 2013 WL 663945, *3 (granting summary judgment to Schlam Stone on account-stated claim under nearly-identical circumstances).

Thus, if this Court fixes the amount of our lien for amounts owed in this case, it should fix that amount at $30,909.41 (our invoiced and unpaid fees and disbursements for this matter), plus $1,206.01 in interest to date on this unpaid amount (in accordance with our retainer letter), plus $8,375.82 in attorneys' fees incurred in attempting to collect this unpaid amount (to which we are entitled under our retainer letter, and which we calculated by taking the total amount of fees and disbursements we have incurred in our collection efforts thus far—which is $31,370.11—and taking the pro rata amount attributable to this matter (26.7%)), for a total of **$40,491.24**. So if the Toussies pay us, or post a bond for, $40,491.24, we will release our retaining lien on the file for this matter. But if not, this Court should allow the state court to rule on our summary judgment motion before getting involved in this fee dispute.

Respectfully submitted,

/s/ Jeffrey M. Eilender
Jeffrey M. Eilender

cc:     All counsel of record (by ECF)