大成 **DENTONS**

**Gary Meyerhoff**

gary.meyerhoff@dentons.com
D +1 212 768 6740

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

June 25, 2019

**BY CM/ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    *Toussie v. Allstate Insurance Company*, Case No. 1:15-cv-5235-ARR-PK

Dear Magistrate Judge Pollak:

      We have reviewed the undated declaration Plaintiff Robert Toussie filed with the Court on June 21, 2019, the cover letter from Mr. Stern, and a letter from Mr. Hamburger dated today. The declaration is offered in purported compliance with the Court's Orders compelling the production of documents and responses to interrogatories: the 2/6/19 Report & Recommendation ("R&R"), Dk. 249, and the Court's 5/13/19 Order, Dk. 257, adopting the R&R in full.[1] The declaration does not comply with the Court's Orders.

      **The Document Requests:**  The Court ordered both Robert and Laura Toussie to produce "documents responsive to Allstate's document request number 6." Request No. 6 requires production of "all Documents and communications concerning the Internal Revenue Service acknowledging or accepting that you suffered approximately $50 million of uninsured property losses." Plaintiffs already argued that their tax return materials are non-responsive because the request seeks only materials received from the IRS, as opposed to materials provided to the IRS. *See* Pl. Opp. to Motion to Compel, Dk. 228, pp. 2-3. Plaintiffs ignored that the word "concerning" certainly would include the tax returns themselves (Def. Reply, Dk. 231, pp. 1-2), and that argument was rejected. While documents emanating from the IRS would also be responsive to that request, there can be no doubt -- none -- that the tax returns for 2012, 2013, 2014 and 2015 themselves are responsive as long as they reference Hurricane Sandy losses.

---

[1] After sending my letter to the Court yesterday, stating that to our knowledge no such declaration had been filed or served, I received a copy of an email Mr. Stern appears to have sent to me on Friday, June 21, 2019. For some reason, I did not receive that email until Mr. Stern forwarded it to me on June 24, 2019 and had no other notice -- from ECF or otherwise -- that anything had been filed with the Court.



The Court's Orders expressly require that Plaintiffs produce their tax returns with a narrow exception; production is not required *only* if an affidavit could be sworn that "they have not filed any tax returns for the years 2012, 2013, 2014, and 2015 that refer to their losses from Hurricane Sandy." R&R, Dk. 249, p. 42. *See also,* 5/13/19 Order, Dk. 257, p. 16 (quoting the R&R and adding, "[p]lainly, if the Toussies' 2013, 2014, and 2015 tax returns do not include any claim of Sandy-related property loss, then the Toussies need not produce those returns.") In his declaration, Robert Toussie *admits* the contrary -- that "the 2012 tax return reported casualty and theft losses in excess of $47 million dollars related to Superstorm Sandy utilizing IRS form 4684." (Declaration, ¶3.)

Mr. Toussie thus admits to being in possession of at least one document responsive to request No. 6, his 2012 tax return. That document must be produced. Moreover, he curiously fails to swear that his 2013, 2014, and 2015 returns do *not* refer to Superstorm Sandy losses. Having failed to present an affidavit so stating, the returns for those years must also be produced, along with any other documents responsive to request No. 6 (for example, any work papers, calculations, or other documents that reflect the valuations and calculations performed in connection with making a weighty claim of the loss of $47 million to the IRS).

The obligation to produce also falls on Laura Toussie. She cannot disobey the Court's Orders by having her new attorney send letters stating that she joins in Robert Toussie's declaration. The Orders have no "attorney letter" exception. Laura Toussie has provided no affidavit that complies with the Court's Orders (nor could she, apparently); she is in violation of the Court's Orders for not producing the documents.

Mr. Hamburger boldly contends in his letter, "to be clear, we are not re-arguing those rulings." This is nonsense. The attorney letters and the declaration itself plainly argue that Allstate does not really need the discovery at issue, *as if the Court's Orders do not already require that the discovery be produced.* Mr. Stern presents a letter purporting to divine "the premise underlying these [discovery] demands" and then argues, self-servingly, how that premise is not met. Mr. Hamburger joins in those arguments and then requests the opportunity to argue even further why compliance with what the Orders state on their face is not really required. If the Declaration was truly in compliance with the Orders, lawyer letters would not be needed. Mr. Hamburger's actual position, and Mr. Stern's is that this Court's Orders are not really final, and a party is not really obliged to act as ordered until he runs out of arguments; that is the import of the position they are taking on Plaintiffs' behalf.

**The Interrogatories**: The R&R, adopted in the 5/13/19 Order "on the same terms as Judge Pollak Recommended" (*id.*), states that the Toussies -- both of them -- "are also Ordered to respond to Allstate's interrogatories numbers 10, 11, and 12." No exception to that obligation is contained in either Order, through the presentation of an affidavit or otherwise. Mr. Stern's June 21, 2019 letter accurately describes the interrogatories, but does not and cannot offer a reason why the Orders compelling sworn answers should be disobeyed. All that Mr. Stern -- and Mr.

Case 1:15-cv-05235-ARR-PK   Document 283   Filed 06/25/19   Page 3 of 3 PageID #: 6531

大成 DENTONS

The Honorable Cheryl L. Pollak
June 25, 2019
Page 3

大成 Salans FMC SNR Denton McKenna Long
dentons.com

Toussie, in the declaration itself -- offer are their own attempt to re-litigate why the discovery they have been ordered to provide is not relevant, based on their own self-serving views of what "the continuing basis for discovery" is.

Allstate is entitled to this discovery not only because it is relevant evidence, but because the Court has already ordered that it be produced following multiple rounds of litigation. Mr. Toussie's factual declaration about his tax returns deserves no more credit than his claim to this Court that he "lost everything" in his house, that he would not redact the names of moving companies from his credit card records, or that he does not know the name of his live-in housekeeper of more than 20 years. All of these assertions, and others, turned out to be false when Allstate was granted the discovery it sought, with Plaintiffs and their counsel fighting to evade production in a manner eerily similar to the current episode.

We doubt that the IRS accepted a lump sum claim for $47 million in lost property with no detail provided. But even if it did, this number presumably was based on underlying information -- *i.e.*, a list of property -- as well as determinations of value and other calculations. Allstate is entitled to responses to interrogatories which (among other things) require a list of what property the Toussies represented to the IRS as having been lost, whether such property was itemized in their tax returns or referenced only through a claimed loss with a purported total value of $47 million.

The Court optimistically stated at last week's conference that it was "confident that now we have new lawyers in the case perhaps we can move this more smoothly forward." But Allstate finds itself writing yet another letter brief, responding to new counsel's attempt to re-litigate matters thoroughly vetted and resolved by this Court. And Mr. Stern has forecasted that he will also seek to re-litigate the viability of the Counterclaims through a motion to dismiss. Warnings do not appear to be enough to stop Plaintiffs from a pattern of outright disrespect towards this Court, its Orders, and its authority, whoever current counsel happens to be. Allstate respectfully requests that the Court order, dogmatically and without caveat, that both Plaintiffs promptly deliver (a) their 2012, 2013, 2014, and 2015 tax returns, and (b) complete, sworn responses to Interrogatories 10, 11, and 12. Allstate also requests that the order include an appropriate coercive sanction for any further failure to comply.

Respectfully,

Gary Meyerhoff

cc: All parties of record (via ECF)