# HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP

ATTORNEYS AT LAW
225 BROADHOLLOW ROAD, SUITE 301E
MELVILLE, NEW YORK 11747
631.694.2400
FAX: 631.694.1376
HMYLAW.COM

RICHARD HAMBURGER
rhamburger@hmylaw.com

**TO BE FILED UNDER SEAL**

July 2, 2019

**VIA FACSIMILE**

Hon. Cheryl L. Pollak, Magistrate Judge
U.S. Eastern District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Toussie v. Allstate Insurance Company
     Case No.: 15-CV-05235 (ARR)(CLP)

Dear Judge Pollak,

  I write in accordance with your Honor's directive, contained in the June 26, 2019 docket text, that the plaintiffs clarify three issues:

1.  **Allstate Interrogatories Nos. 10, 11 and 12.**

  Plaintiffs have produced sworn responses to these interrogatories, in the form of their Declarations. The answers to Interrogatories Nos. 11 and 12 are contained in the Declaration of Robert Toussie (which was adopted in the Declaration of Laura Toussie).

  Interrogatory No. 11, requesting a detailed description of each item that Robert or Laura Toussie represented to the IRS as lost in connection with Superstorm Sandy, is answered as follows:

> Once again, the tax return did not detail each item of property lost and did not include information regarding the type, acquisition date, cost or fair market value of any of the individual items comprising the loss.

*See* Robert Toussie Declaration, ¶ 10.

HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
July 2, 2019
Page 2

Interrogatory No. 12, requesting insurance or other reimbursement reported to the IRS as expected to be received in connection with the losses suffered in connection with Superstorm Sandy, is answered as follows:

> The tax return did not detail the insurance or other reimbursement I reported to the IRS but instead categorized my expected reimbursement with regard to real property damage claims only.

See Robert Toussie Declaration, ¶ 11.

Although Interrogatory No. 10 is addressed in the Robert Toussie Declaration (¶ 7), the identity of the tax preparer is not provided inasmuch as the repeated statements in the Declaration attesting to the absence of information or documentation in the tax returns that identify, itemize or describe the individual items lost or stolen renders that issue academic. See Robert Toussie Declaration, ¶¶ 3, 4, 8 and 10.

2.  **Arrangements with Allstate to Obtain Videos and Photographs.**

Allstate's counsel has forwarded approximately 2,000 photos to us which it represents are all the photos taken on Allstate's behalf during the CFASS inspections. Allstate's counsel has also forwarded security video taken by CFASS which it represents are all the security videos received from CFASS pursuant to subpoena. Assuming those representations are correct, this production of photos and videos by Allstate is sufficient for plaintiffs' purposes, as plaintiffs have access to the copies of the photos and videos that were taken on plaintiffs' behalf by plaintiffs' prior counsel.

Related to the Court's inquiry on this subject, plaintiffs are awaiting from Allstate's counsel identification of the photos that Allstate proposes to stipulate into evidence as a necessary predicate for the removal of the 58 boxes identified by Allstate as containing items of interest to Allstate, by August 1.

3.  **Status Regarding Prior Counsel and Obtaining Prior Counsel Files.**

Agreement was quickly reached with Schlam Stone & Dolan on the cash deposit to be held by that firm in escrow as substitute security for its attorney's lien on the case files. We have been unable, however, to bridge our disagreement as to what files and records would be released and made available to new counsel once that cash deposit was made. For example, attorney Joshua Wurtzel has advised me:

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
July 2, 2019
Page 3

>While we will produce what our files include, our files do not include things like e-mail correspondence. If the Toussies want us to search for e-mails or other documents that are not already part of our files, they will have to pay us for our time. *See* NYCBA Ethics Opinion 2008-1 (firm may charge former client for "retrieving electronic documents from their storage media and reviewing those documents to determine client's right of access"); *Sage Realty*, 91 N.Y.2d at 38 (assembling and delivering file to client is "properly chargeable to the client under customary fee schedules of the firm"). Again, we will reasonably cooperate if there is something specific you think is missing and want us to pull, but we are not conducting broad e-mail searches in the way your edits contemplate. I revised the agreement accordingly.

From plaintiffs' perspective, they are already in disagreement with Schlam Stone & Dolan as to what legal fees are owed that firm. Plaintiffs do not want to create additional disagreements when the Toussies are charged for requested retrieval of the most basic items like e-mail correspondence with adversaries and third parties. Primarily for that reason, and because Allstate's attorneys have committed to providing plaintiffs' current counsel with all the documents and materials exchanged in discovery between the parties (except for the photos and videos taken by plaintiffs at the CFASS inspections), plaintiffs are not further pursuing a negotiated discharge of the attorneys' lien at this time.

This letter has been approved by counsel for Robert Toussie and is submitted by both plaintiffs in response to the Court's June 26 directive.

Thank you.

Respectfully,

Richard Hamburger

/lc

c:   Via facsimile:
     Brendan Zahner, Esq.
     Gary Meyerhoff, Esq.
     Fredrick Stern, Esq.

RH to Pollak - 2019.07.02.wpd