# SCHEYER & STERN, LLC
## Attorneys at Law
110 Lake Avenue So., Suite 46
Nesconset, New York 11767
Telephone No. (631) 265-8500
Fax No. (631) 265-8558
*Email: ScheyerStern@gmail.com*

July 23, 2019

**VIA ECF**

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: *Toussie, et al., v. Allstate Insurance Co.*
Case No. 15-cv-5235 (ARR)(CLP)

Dear Judge Pollak:

On behalf of my client, plaintiff Robert Toussie, this is to confirm that, in accordance with your order of June 20, all 260 boxes have now been removed from CFASS.

At the June 20 conference, you will recall that attorney Joseph Patella, Esq., appeared on behalf of CFASS to advise both the Court and the parties that due to planned renovations at the facility, it was essential that the boxes be removed by August 1, 2019.  Your Honor's order further directed that the parties meet and confer with regard to the evidentiary issues associated with the removal of the 58 boxes.

During the conference the Court, recalling prior discussions with regard to this issue, reminded the parties that "*the plaintiffs, if I recall correctly, were the ones who objected to my suggestion that we stipulate that there'd be no dispute if we relied solely on the photographs, but maybe I'm wrong. Maybe that was your problem (*Conference transcript, at p. 43).

Mr. Meyerhoff, confirmed the Court's recollection, saying:

" *No, that*'s *correct. We tried to enter into a stipulation. But they wouldn't entertain it unless we agreed that anything they sold could not be the basis for spoliation and at that time you may recall they had these other claims they were trying to add to the case based on the preservation order.....So they were asking us to waive rights in return for the stipulation so that's where it broke down.*"

Per the Court's direction, Mr. Hamburger and myself spoke with Mssrs. Zahner and Meyerhoff in the courtroom immediately following the conference and advised them that our clients would waive our objections to the admissibility of the photos without condition.  Per the colloquy at the conference this  appeared to resolve the matter, and defense counsel represented that they

would forward a stipulation to us.  The stipulation, however, was not forthcoming.  Mr. Hamburger, cognizant of the time constraints,  followed up repeatedly with Allstate's counsel  by emails and by letter dated July 1.   It was not until July 17 that Mr. Meyerhoff sent an email advising that the Defendant was no longer willing to enter into the stipulation discussed at the conference, and now demanded that the preservation order be continued until after the depositions of both Robert and Laura Toussie had been taken, and perhaps longer.

We consider Allstate's position and their conduct both unreasonable and inconsistent with both your Honor's order and the parties' understanding as it was described at the conference.  After the Toussies' promptly agreed to all of the Defendant's terms, Allstate waited to withdraw its consent to the stipulation that Allstate itself had proposed until Wednesday, July 17.  By that time, I am advised by Mr. Toussie,  it was no longer physically or logistically practicable for him to wait any longer, and he was compelled to begin removing the boxes from CFASS to comply with the Order.  The boxes have now been removed, and Mr. Toussie further advises that the seals that were placed on all 58 boxes following the Allstate inspection remain intact.

Allstate demanded, and secured, the opportunity to photograph the contents of all 260 boxes for evidentiary purposes.  Allstate relied upon that examination in drafting its 245 paragraph counterclaim.  That counterclaim identified only two sets of two specific items matching the description of items included in the Toussies' Fine Arts claim-two silver Tiffany baskets and two Tiffany cake stands.  (See Counterclaim, Doc. no. 258, at pp 56-67)

At paragraph 68, the Defendant continues:

"In total, of the 52 specific pieces of property claimed as lost in the Toussies' SPP claim, Allstate found 45 items matching the descriptions of the lost SPP property in storage at CFASS".

Allstate has not yet identified the other 43 items found at CFASS that allegedly match the descriptions of items included in the claim.  But Defendant presumably knows what they are referring to, and should already have the photographs to substantiate its claim.  Nor is there any legitimate basis for their demand that the 58 boxes be retained until the plaintiffs are deposed.  Allstate has photos of all of the items they have identified, and all other items as well.  The contents of those photos are not altered by any characterization of the evidence contained in testimony of the Toussies.

In sum, Mr. Toussie has done all that is reasonably possible to comply with both the letter and spirit of this Court's orders to the fullest extent possible under the circumstances.

Yours,
SCHEYER & STERN, L.L.C.

By: Fredrick P. Stern, Esq.

cc: rhamberger@hmylaw.com
    dyaffe&hmylaw.com
    brendan.zahner@dentons.com
    gary.meyerhoff@dentons.com