UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT AND LAURA TOUSSIE,

                      Plaintiffs,

        -against-                             **ORDER**
                                               15 CV 5235 (ARR)

ALLSTATE INSURANCE COMPANY,

                      Defendant.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On September 10, 2015, plaintiffs Robert and Laura Toussie ("plaintiffs") commenced this action against Allstate Insurance Company ("Allstate"), seeking reimbursement under a homeowner's policy issued by Allstate for personal property losses that occurred following the 2012 superstorm, known as "Hurricane Sandy." Plaintiffs allege that in the days following the storm, thieves allegedly entered the Toussies' home and stole millions of dollars of personal items belonging to the Toussies.

      As explained in this Court's February 6, 2019 Report and Recommendation, on August 2, 2018, Allstate filed a motion to compel plaintiffs to produce documents responsive to Allstate's document request number 6. (See R&R at 39).[1] Document request number 6 sought: "All Documents and communications concerning the Internal Revenue Service acknowledging or accepting that you suffered approximately $50 million of uninsured property losses." (Allstate 8/2/18 Ltr.,[2] Ex. C). Allstate sought to compel production of these documents and, if such documents did not exist, sought to compel responses to three of Allstate's interrogatories. (Id.,

---

[1] Citations to "R&R" refer to the Report and Recommendation of this Court, dated February 6, 2019, ECF No. 249.
[2] Citations to "Allstate 8/2/18 Ltr." refer to defendant's letter, dated August 2, 2018, ECF No. 225.

Ex. E). These interrogatories asked plaintiffs to: "Identify all persons who assisted in either the preparation or filing of the 2012 and 2013 tax returns for Robert Toussie and Laura Toussie, including any amendments and supplements thereto;" to "describe in detail each item of property that Robert or Laura Toussie represented as lost in connection with Superstorm Sandy to the Internal Revenue Service;" and to "Describe in detail the insurance or other reimbursement [the Toussies] reported to the Internal Revenue Service as expected to be received in connection with the losses suffered in connection with Superstorm Sandy." (Id. (citing Interrogatories Nos. 10, 11, and 12)).

Plaintiffs argued in response, among other objections, that "there is no dispute for this Court to resolve" because "Plaintiffs do not have any documents responsive to this request." (See Pls.' 8/14/18 Ltr. at 2).[3] Plaintiffs further argued that the request was seeking "irrelevant information" and was intended "to harass Plaintiffs." (Id.) Plaintiffs argued that "whether Plaintiffs suffered $50 million in uninsured losses, and what they told the IRS about these losses, is not at issue in this case" and that even if this information were relevant, "any minimal relevance that this information has does not justify giving Allstate access to Plaintiffs' private, sensitive tax information." (Id. at 2-3).

The Court considered the parties' respective arguments, and on February 6, 2019, this Court found that the documents at issue were relevant and found that plaintiffs had failed to demonstrate that there were alternative sources for the information contained in the tax returns. (R&R at 41-42 (citing United States v. Bonanno Organized Crime Family, 119 F.R.D. 625, 627 (E.D.N.Y. 1988); Government Employees Ins. Co. v. Lenex Servs., Inc., No. 16 CV 6030, 2018

---

[3] Citations to "Pls.' 8/14/18 Ltr." refer to plaintiffs' letter, dated August 14, 2018, ECF No. 228.

WL 1368024, at *12 (E.D.N.Y. Mar. 16, 2018))).

The Court Ordered plaintiffs to produce documents responsive to Allstate's document request number 6 (seeking "All Documents and communications concerning the Internal Revenue Service acknowledging or accepting that you suffered approximately $50 million of uninsured property losses"). (R&R at 42). If such documents did not exist, plaintiffs were Ordered to submit an affidavit indicating that they had not filed any tax returns for the years 2012, 2013, 2014, and 2015 that refer to their losses from Hurricane Sandy. (Id.) Plaintiffs were also Ordered to respond to Allstate's interrogatories numbers 10, 11, and 12. (Id.) This Court's Order was affirmed by the Honorable Allyne R. Ross on May 13, 2019. (See 5/13/19 Order at 15-17).[4] The district court found that the plaintiffs' "suggestion that their tax returns would not contain relevant information [] lacks any merit." (Id. at 16).

On June 20, 2019, this Court held a status conference in this matter, during which time Allstate informed the Court that, despite the district court's order over one month earlier directing them to respond to defendant's discovery requests, plaintiffs had failed to respond to document request number 6 or to file the affidavit. Plaintiffs had also not responded to interrogatory numbers 10, 11, and 12, nor had they appealed this Court's Order directing them to respond. Thus, as of the June conference, plaintiffs had been Ordered to respond to the interrogatories for almost four months. (See id. at 15 n.7).

During the conference, counsel for Robert Toussie[5] advised that he would be providing a

---

[4] Citations to "5/13/19 Order" refer to the Order Adopting Report and Recommendation of the district court, dated May 13, 2019, ECF No. 257.

[5] On June 3, 2019, Richard C. Hamburger, Esq. entered a Notice of Appearance on behalf of Laura Toussie, and on June 14, 2019, the Court granted Laura Toussie's Notice of Consent to Change Attorney. (See Order of this Court, dated June 14, 2019, ECF No. 272). Since then, each plaintiff has been represented by seperate counsel.

3

Declaration "executed by Mr. Toussie that does respond directly to the Court's directives." (Tr. at 15).[6] The Court directed plaintiffs to provide the Declaration to Allstate's counsel and to provide a copy to the Court under seal, noting that, if the Court did not think the Declaration was compliant with this Court's prior Order, the Court would require plaintiffs to disclose their tax returns. (Id. at 19).

What followed were seven letters from both parties concerning the failure of the Declaration to comply with the Order of this Court as affirmed by the district court. In part, plaintiffs' counsel, while claiming that they did not seek to relitigate issues already decided by the Court, argued that, despite the order of the district court which ordered plaintiffs to "produce documents responsive to defendant's sixth document request," that their clients' failure to produce such documents was acceptable because the district court's "language presumed" that the defendants itemized their losses on their tax returns, which plaintiffs represented they did not do.

On July 2, 2019, having reviewed Robert Toussie's Declaration, and to avoid the additional delay of further letter motions in this case, this Court Ordered plaintiffs to produce their tax returns for the years 2012, 2013, 2014, and 2015 to the Court for *in camera* review.

The Court has completed its *in camera* review of the plaintiffs' tax returns, and has returned the original tax returns to plaintiffs. The Court finds that there are pages of the tax returns that are directly responsive to defendant's document requests and interrogatories and related to the core issues of this case. The Court further notes that, in light of its review of the tax returns, the Declaration provided by plaintiff Robert Toussie in lieu of the tax returns was *at*

---

[6] Citations to "Tr." refer to the Transcript of proceedings before this Court on June 20, 2019, ECF No. 278.

*best* misleading.

The Court further finds that many pages of the tax returns are unrelated to the issues in this case and are not responsive to Allstate's document request; the Court has therefore made redactions to certain pages of the tax returns. The Court's redactions to the tax returns will be filed under seal on the docket in a separate entry, viewable only by plaintiffs and the Court. Plaintiffs are Ordered to provide a copy of the redacted tax returns as filed in Docket Entry 299 to defendant by July 30, 2019. The Court further declines to revisit its earlier Order and once again Orders plaintiffs to respond to interrogatories number 10, 11, and 12 by July 30, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 26, 2019

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York