# Scheyer & Stern, LLC

-Attorney at Law-
110 Lake Avenue So., Suite 46
Nesconset, NY 11767
Telephone No. (631) 265-8500
Fax No. (631) 265-8558
ScheyerStern@gmail.com

July 30, 2019

VIA ECF
Hon. Allyne R. Ross
U.S. Eastern District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Toussie v. Allstate Insurance Company
        Case No.: 15-CV-05235 (ARR)(CLP)

Dear Judge Ross,

Pursuant to Fed. R. Civ. Proc., Rule 72(a), we write on behalf of plaintiffs Robert and Laura Toussie: (a) to object to the July 26, 2019 Order of Magistrate Pollak (DE 298) (the "Order") directing the Toussies to provide to defendant Allstate by July 30, 2019 a copy of their redacted tax returns filed by Magistrate Pollak at DE 299, and responses to Allstate's interrogatories numbers 10, 11, and 12; and (b) to request a stay of the Order pending Your Honor's consideration of this application. In the absence of a stay, the Toussies will be deprived of their rights to have their objections considered and resolved by Your Honor before being required to provide the subject documents and responses to Allstate.

In addition, pursuant to Fed. R. Civ. Proc., Rule 60(a), we respectfully request that the court vacate and rescind the Clerk's Judgment issued May 16, 2019 (DE 261) (the "Judgment"), which was issued in error following the filing of Your Honor's May 13, 2019 Order (DE 257) adopting the February 6, 2019 report and recommendation of Magistrate Pollak (DE 249).

## A. The Order Is Clearly Erroneous.

The Order follows our service upon Allstate's attorneys of the June 21, 2019 Declaration of Mr. Toussie, which we maintain adheres to the directives set forth in Your Honor's 5/13/19 Order ("Ross Order") and the underlying 2/6/19 report and recommendation of Magistrate Pollak ("Pollak Recommendation")[1]. 1 As demonstrated in our associated 7/2/19 letter to Magistrate Pollak with

_____

[1]The motion papers regarding this discovery dispute consist of DE 280 (Allstate attorney's 6/24/19 letter), DE 281 (Robert Toussie's attorney's 6/24/19 letter), DE 282 (Laura Toussie's attorney's 6/25/19 letter); DE 283 (Allstate's attorney's 6/25/19 letter), DE 284 (Laura Toussie's attorney's 6/26/19 letter), DE 286 (Robert and Laura Toussie's attorneys' 7/2/19 joint letter), DE 289 (Allstate's attorney's 7/3/19 letter), and DE 290 (Robert and Laura Toussie's attorneys' 7/3/19 letter).

supporting exhibits (DE 286), Mr. Toussie's Declaration responded to all of the disputed issues germane to the judicial analysis expressly set forth in the Ross Order and the Pollak Recommendation. Again, as detailed in our letter submission (DE 286) the foundation of this Court's associated underlying rulings was its supposition that any filing by the Toussies with the IRS would have set forth an itemization of each lost or stolen item (see, Ross Order, pp. 15-16; Pollak Recommendation, p. 41), when, in fact, no such itemization was made. Moreover, Allstate's underlying document demand was limited to seeking "documents and communications concerning the Internal Revenue Service acknowledging or accepting that you suffered approximately $50 million of uninsured property losses" (emphasis added), and its related interrogatories 10, 11 and 12 were based upon an incorrect assumption that the Toussies had itemized to the IRS each item that was lost and the associated anticipated reimbursement from insurance proceeds.

Stated differently, the focus of Allstate's demands and this Court's orders was the erroneous expectation that the Toussies either did not report the loss to the IRS in their tax return for the 2012 tax year in which Superstorm Sandy occurred, or, if they did, such report would have consisted of an itemization of each item claimed (pursuant to IRS Publication 584 and IRS Form 4864). Both suppositions were incorrect.

We respectfully submit that Magistrate Pollak's finding in the Order that "there are pages of the tax returns that are directly responsive to defendant's document requests and interrogatories and related to the core issues of this case" (Order, p. 4) and that "the Declaration provided by plaintiff Robert Toussie in lieu of the tax returns was at best misleading" (Order, pp. 4-5), is clearly erroneous. See, e.g., *Rodriguez v. Pataki*, 293 F.Supp.3d 302, 304 (S.D.N.Y. 2003) (an order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). Indeed, no page of the tax return "concern[s] the Internal Revenue Service acknowledging or accepting that [the Toussies] suffered approximately $50 million of uninsured property losses" (per Document Demand No. 6), nor does any page "describe in detail each item of property that [the Toussies] represented as lost in connection with Superstorm Sandy" (per Interrogatory 11), nor does any page "describe in detail the insurance or other reimbursement [] reported to the [IRS] as expected to be received in connection with the losses suffered" (per Interrogatory 12).

We respectfully submit that Magistrate Pollak's contrary holding is simply not supported by the referenced pages of the tax returns and fails to consider the express language of the actual demand and interrogatories before the court. Accordingly, the Order should reversed and the Court should determine that the Declaration provided by Mr. Toussie (and the subsequent Declaration provided by Mrs. Toussie) be found to be in compliance with the Ross Order (and the Pollak Recommendation), together with such other relief as this Court deems just and proper.

We respectfully refer Your Honor to the unredacted portions of the tax returns which Magistrate Pollak has directed be produced to Allstate as very clearly illustrating our point (we assume they are available to the Court for viewing). There is no itemization or description of any specific item of property that the Toussies represented as lost in Superstorm Sandy except a piano, which is not the subject of the theft claim here in dispute. Rather, losses are broadly grouped in categories. No insurance or reimbursement is described or detailed except insurance for damages sustained by real property – again, this is not the subject of the theft claim.

We do acknowledge that Interrogatory No. 10 requested the identity of the tax preparers for the Toussie returns, and that the Declarations submitted by Robert and Laura Toussie did not provide that information. We respectfully observe, however, that this information was redacted by Magistrate Pollak from the tax returns, and that if this Court were to agree that the Declarations effected compliance with the prior Orders of the Your Honor and Magistrate Pollak in all other respects, this interrogatory request would be immaterial.

## B. The Judgment Should Be Vacated.

Finally, pursuant to Rule 60(a), we respectfully request that the court vacate and rescind the Judgment (DE 261). There is and can be no dispute that the underlying Order (DE 257) upon which the Judgment was issued did not end the litigation, did not leave the court with nothing to do but execute judgment and was certainly not subject to an interlocutory appeal. See, e.g., *Douglas v. Merck &amp; Co., Inc.*, 456 Fed.Appx. 45, 47 (2d Cir. 2012); *New Pacific Overseas Group (U.S.A.) Inc. v. Excal Intern. Dev. Corp.*, 252 F.3d 667 (2d Cir. 2001). Rather, the Order awarded non-dispositive relief consisting of, among other things, granting Allstate's motion for leave to amend its answer, granting Allstate's motion to compel, directing the Toussies to produce certain documents and respond to certain interrogatories, and awarding Allstate sanctions against the Toussies in the total amount of $17,555.85. See, DE 257.  As such, there was no basis for issuance of the Judgment, and it should be rescinded.  Certainly, there was no proper basis for the Judgment to have recited, as it did, all of the directives issued in the Order.  Moreover, and in any event, the monetary aspect of the Order and the following Judgment was fully satisfied by issuance of a check to Allstate's counsel in the amount of $17,555.85 on June 20, 2019, and no judgment is or was necessary to assure enforcement of the sanctions award.

Respectfully,

Scheyer & Stern, LLC

By:____/s/Fredrick P. Stern_____
Fredrick P. Stern, Esq.
*Attorneys for Plaintiff, Robert Toussie*

Hamburger, Maxson, Yaffe & McNally, LLP

By:___/s/Richard Hamburger_____
Richard Hamburger, Esq.
*Attorneys for Plaintiff, Laura Toussie*
225 Broadhollow Road, Suite 301E
Melville, NY 11747
Phone: 631.694.2400 x 207