# Scheyer & Stern, LLC

-Attorney at Law-
110 Lake Avenue So., Suite 46
Nesconset, NY 11767
Telephone No. (631) 265-8500
Fax No. (631) 265-8558
ScheyerStern@gmail.com

July 30, 2019

VIA ECF
The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Toussie, et al., v. Allstate Insurance Co.
     Case No. 15-cv-5235 (ARR)(CLP)

Dear Judge Pollak:

  This letter is in response to your order dated July 26, 2019 wherein you directed that the Plaintiffs file a letter indicating what happened to the 58 boxes and where they are being stored.

  Per my letter dated July 23, 2019 the 58 boxes which were subject to the October 20, 2017 preservation order were removed from the Christie's Fine Arts Storage Service Facility ("CFASS") located at 100 Imlay Street, Brooklyn, New York on July 22, 2019.  Mr. Toussie advises me that the boxes, which remain unopened, are being stored at the Toussies' home at 290 Exeter Street, Brooklyn, New York until they can be moved to a secure storage facility. Mr. Toussie has arranged for secure storage at the Metro Storage facility located on Knapp Street in Sheepshead Bay, to which the boxes will be transported by the close of business on Wednesday, July 21, 2019 or the morning of August 1, 2019 based upon the availability of the movers.

  As this Court is aware, the CFASS facility will be closing for renovations as of August 1 2019.  Due to the approaching deadline, I was advised by Mr. Patella, counsel for CFASS, that heavy traffic at the facility made removal of the property being stored there by the Toussies problematic. As a result, Mr. Toussie advised me that when he arrived at the facility on July 19 to begin removal of the 202 boxes not subject to the Preservation Order he was largely unsuccessful, removing only a few boxes that he and a few others with him were able to carry.  Mr. Toussie advised me that he became concerned that he would be unable to remove all of the boxes in time and no longer receive the waiver of any alleged fees claimed to be due by CFASS.  He advised me that he also observed that security at the facility was lacking and felt that his property at risk.

  Given the August 1, 2019 deadline as well as personal issues with which the Toussies were dealing, including attending medical appointments relating to very serious medical concerns including a daughter's brain aneurism, Mr. Toussie advised me that he determined that he could not operate under the unreasonable time constraints brought about by Allstate's delay in attempting to

resolve the storage issue which was highlighted by its' failure to send us the then anticipated stipulation or to register any different thinking regarding the boxes between June 20 and July 17, despite the August 1st deadline for removing the boxes. As a result, Mr. Toussie arranged to remove all of the boxes at CFASS on July 22, 2019 and immediately had them stored at his residence.

Mr. Toussie advises that, to the best of his recollection, the boxes remain in the same condition as when they were taped closed by Mr. Zahner at the conclusion of Defendant's examination of CFASS although a few of the boxes appear to have been damaged while at the facility and prior to the move to the Toussie residence.

As set forth in my letter of July 23, 2019 the Toussies have made every effort to comply with the letter and spirit of this Court's orders.

    Respectfully,

    Scheyer & Stern, LLC

    By:___/s/Fredrick P. Stern_____
    Fredrick P. Stern, Esq.
    *Attorneys for Plaintiff, Robert Toussie*