UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Toussie, *et al.*,<br><br>*Plaintiffs*,<br><br>– against –<br><br>Allstate Insurance Company,<br><br>*Defendant*. | **1:15-CV-5235**<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

Plaintiffs Robert and Laura Toussie have appealed an order dated July 26, 2019, by the Honorable Cheryl L. Pollak, United States Magistrate Judge, which directs them to provide a copy of their redacted tax returns to defendant Allstate Insurance Company and to respond to certain of defendant's interrogatories. Because plaintiffs' objections are meritless, I affirm Judge Pollak's decision.

## BACKGROUND[1]

During the course of the protracted discovery in this case, "the defendant moved to compel the plaintiffs either to produce '[a]ll Documents and communications concerning the Internal Revenue Service acknowledging or accepting that [the Toussies] suffered approximately $50 million of uninsured property losses'" due to Hurricane Sandy or "to respond to Allstate's interrogatories on the same subject." *Toussie v. Allstate Ins. Co.*, No. 15-CV-5235, 2019 WL 2082462, at *3 (E.D.N.Y. May 13, 2019) (alterations in original). Those interrogatories seek (1) the identity of "all persons who assisted in either the preparation or filing of the 2012 and 2013 tax returns for Robert Toussie and Laura Toussie," (2) a detailed

---

[1] I assume the reader's familiarity with the background of this long-running lawsuit. That background is set forth in greater detail in the previous opinions of the court cited herein.

1

description of "each item of property that Robert or Laura Toussie represented as lost in connection with Superstorm Sandy to the Internal Revenue Service," and (3) a detailed description of "the insurance or other reimbursement [the Toussies] reported to the Internal Revenue Service as expected to be received in connection with the losses suffered in connection with Superstorm Sandy." Mot. to Compel Ex. E, at 5, ECF No. 225-5.

On February 6, 2019, Judge Pollak ruled on the motion, ordering plaintiffs either "to produce documents responsive to Allstate's document request" or "to submit an affidavit indicating that they have not filed any tax returns for the years 2012, 2013, 2014, and 2015 that refer to their losses from Hurricane Sandy." *Toussie v. Allstate Ins. Co.*, No. 15-CV-5235, 2019 WL 2435852, at *21 (E.D.N.Y. Feb. 6, 2019), *adopted by* 2019 WL 2082462. Judge Pollak also directed plaintiffs "to respond to Allstate's interrogatories." *Id.* Plaintiffs appealed that decision, and on May 13, 2019, I upheld it in full. *See Toussie*, 2019 WL 2082462, at *9. In doing so, I observed that defendant sought to "ascertain '[t]he identity of the property that was lost by the Toussies, the value of such property and the insurance coverage for such property,' all of which 'the Toussies made representations to the IRS regarding.'" *Id.* at *7. And I surmised that the Toussies' tax returns might "identify the type, acquisition date, cost, and fair market value of each piece of personal property for which [the Toussies] were claiming a casualty or theft loss." *Id.* at *8 (citing relevant tax form).

On June 21, 2019, in purported satisfaction of the ordered discovery, plaintiffs provided defendant with a declaration by Robert Toussie stating that although the Toussies' "2012 tax return reported casualty and theft losses in excess of $47 million . . . related to Superstorm Sandy," it did not "set[ ] forth an itemization [of] individual items lost or stolen." Toussie Decl. ¶ 3, ECF No. 279. The declaration was not accompanied by any document production and did not contain responsive answers to defendant's interrogatories. *See* Toussie

2

Decl. Unsatisfied, defendant asked Judge Pollak on June 25, 2019, to order the Toussies to "promptly deliver (a) their 2012, 2013, 2014, and 2015 tax returns[ ] and (b) complete, sworn responses to [the] Interrogatories." Def.'s Letter 3, ECF No. 283. On July 2, 2019, plaintiffs countered that the declaration was sufficient and that production of the tax returns "would serve no additional purpose and would be a substantial invasion of their privacy." Pls.' Letter 3, ECF No. 286. That same day, to resolve the dispute, Judge Pollak ordered plaintiffs to produce their 2012, 2013, 2014, and 2015 tax returns to the court for *in camera* review. *See* Electronic Order, July 2, 2019.

Judge Pollak reviewed the Toussies' tax returns and redacted everything except that which pertains to the Toussies' claimed Hurricane Sandy losses and reimbursements. *See Toussie v. Allstate Ins. Co.*, No. 15-CV-5235, 2019 WL 3388921, at *2–3 (E.D.N.Y. July 26, 2019). Although the tax returns indeed do not identify each individual piece of lost property, they do categorize the lost personal property by type into twelve different groupings. *See* Redacted Tax Returns 23, 25, 27–28, ECF No. 299. On July 26, 2019, describing Robert Toussie's declaration as "*at best* misleading," Judge Pollak ordered plaintiffs to provide a copy of the redacted tax returns to defendant and "once again" ordered plaintiffs to respond to defendant's interrogatories. *Toussie*, 2019 WL 3388921, at *2–3. Plaintiffs timely appealed.[2]

## STANDARD OF REVIEW

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "When

---

[2] Shortly before filing this appeal, counsel for Robert Toussie gave notice that certain additional components of the Toussies' tax returns had not been provided to the court due to an "oversight" and stated that he would submit those materials to Judge Pollak for *in camera* review. Stern Letter 1, ECF No. 300. Plaintiffs did not submit these additional materials to me because they "assume" that Judge Pollak will decide that these submissions should be redacted in their entirety. *Id.* at 2. Judge Pollak has not yet made any determination on these materials; nevertheless, I proceed to rule on the appeal as filed in order to avoid further delay.

reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). I therefore review Judge Pollak's order "under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar*, 900 F.2d at 525.

## DISCUSSION

Plaintiffs argue that Judge Pollak's order was clearly erroneous. Pls.' Br. 1–2, ECF No. 301. The crux of their argument is that my previous order—which Judge Pollak was enforcing—was founded on a "supposition that any filing by the Toussies with the IRS would have set forth an itemization of each lost or stolen item when, in fact, no such itemization was made." *Id.* at 2 (citation omitted).[3] Because the tax returns do not actually contain individual itemization, plaintiffs' argument goes, plaintiffs should not be required to comply with my order. *See id.*

Plaintiffs are doubly wrong. First, nothing in my order conditioned compliance on the existence of certain facts. Plaintiffs were unconditionally "directed to produce documents responsive to the defendant's . . . document request or, if no responsive documents exist, to submit an affidavit" to that effect. *Toussie*, 2019 WL 2082462, at *9. And plaintiffs were also unconditionally "directed to respond to the defendant's . . . interrogatories." *Id.* Plaintiffs have flouted this order.

Second, the lack of individual itemization of lost property does not place the Toussies' tax returns outside the scope of defendant's document request. Defendant requested "[a]ll documents . . . concerning the Internal Revenue Service . . . accepting that [the Toussies] suffered approximately $50 million of uninsured property losses." Mot. to Compel Ex. C, at

---

[3] Plaintiffs also assert, with no apparent basis, that defendant's interrogatories were similarly premised on this "incorrect assumption." Pls.' Br. 2.

4

7, ECF No. 225-3. In the absence of any evidence that it was rejected by the IRS, the Toussies' 2012 tax return—which appears to report over $30 million of uninsured property losses from Hurricane Sandy (*see* Redacted Tax Returns 23–28)—is plainly encompassed by that document request.[4]

Plaintiffs' assertion that "no page of the tax return" falls within the request (Pls.' Br. 2) is simply untrue. The unredacted pages of the tax return declare uninsured property losses. These pages were then sent, as part of the full tax return, to the IRS, which evidently accepted the claimed losses. The Toussies' failure to "identify the type, acquisition date, cost, and fair market value of each piece of personal property" (*Toussie*, 2019 WL 2082462, at *8) certainly does not render the tax return completely irrelevant to the case. *See, e.g.*, Def.'s Opp'n 3, ECF No. 304 (arguing that it "could be relevant . . . if . . . Plaintiffs failed to inform the IRS that they expected the $1.6 million insurance recovery they are seeking in this case"); *cf.* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). The redacted tax returns must be turned over.

Plaintiffs must also respond to the interrogatories. Contrary to plaintiffs' contention (*see* Pls.' Br. 1), Robert Toussie's declaration was not responsive. Whereas defendant requested detailed descriptions of the lost property and anticipated insurance reimbursement that were reported to the IRS, Robert Toussie stated simply that "the tax return did not detail each item of property lost" and "did not detail the insurance or other reimbursement [he] reported." Toussie Decl. ¶¶ 10–11. But as defendant observes, the interrogatories were "not limited to providing only the information that may also have been presented in itemizations in the tax

---

[4] Similarly, the unredacted portions of the Toussies' 2013, 2014, and 2015 tax returns, which appear to report insurance proceeds connected with the Toussies' 2012 losses (*see* Redacted Tax Returns 57, 83, 112), also "concern" the IRS's acceptance of the Toussies' reported losses.

returns themselves." Def.'s Opp'n 3. Rather, "[i]t is the absence of that detail" from the tax returns "that requires full responses to the Interrogatories." *Id.* As for defendant's request for the identity of the Toussies' tax preparer, plaintiffs admit that they have failed to respond but submit that that information is "immaterial." Pls.' Br. 3. Yet when defendant's motion to compel was being litigated, plaintiffs raised no objection to Judge Pollak's order that they respond to this interrogatory. *See Toussie*, 2019 WL 2082462, at *7 n.7. They are not now entitled to reconsideration of that decision by dint of their failure to comply with it.[5]

## CONCLUSION

For the foregoing reasons, Judge Pollak's order is affirmed in full.

So ordered.

___/s/_____
Allyne R. Ross
United States District Judge

Dated:       August 2, 2019
             Brooklyn, New York

---

[5] Defendant "requests the Court's direction on whether a sanctions motion seeking monetary sanctions and/or evidentiary sanctions, or even the striking of Plaintiffs' complaint in this action, would be appropriate at this stage." Def.'s Opp'n 4. Particularly in light of Judge Pollak's greater familiarity with the parties' course of conduct in this litigation, I decline, for now, to weigh in on this issue.