大成 DENTONS

**Gary Meyerhoff**
Partner

gary.meyerhoff@dentons.com
D    +1 212 768 6740

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

August 27, 2019

**VIA ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
Chambers Room 1230
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     **Robert and Laura Toussie v. Allstate Insurance Company, Case No. 1:15-cv-5235-ARR-PK**

Your Honor:

As Your Honor is aware, we are counsel for Defendant/Counterclaimant Allstate Insurance Company in the above action.  Pursuant to this Court's Motion Procedures and Rules, we are submitting this letter to advise the Court and counsel that Allstate intends to file a Motion for Protective Order prohibiting Plaintiffs from deposing Allstate's former lead counsel, Robert H. King, now-retired from the Dentons law firm, and Patrice Ho Sang, a paralegal with Dentons who has had and continues to have ongoing responsibility as part of the litigation defense team in this matter.

On August 8, 2019, Plaintiffs served deposition notices for Mr. King and Ms. Ho Sang, copies of which are attached as Exhibit A.  Both Mr. King and Ms. Ho Sang had been listed out of an abundance of caution on Allstate's witness disclosures (Exhibit B) as having knowledge related to certain aspects of this case.  However, Allstate has not designated either Mr. King nor Ms. Ho Sang as trial witnesses in this matter, and Allstate does not intend to call either at trial, except as it may be necessary to call Ms. Ho Sang as a foundational witness to admit various photographs and videos that were recorded during Allstate's inspection of the contents of boxes stored by Plaintiffs at Christie's Fine Arts Storage Services ("CFASS") in October and November, 2017.  That inspection was also attended by Plaintiffs, who also recorded the inspection via video camera.  (See 2/20/18 Order, pp. 4-6, attached as Exhibit C.)

Allstate, through counsel, has advised Plaintiffs of its objections to proceeding with the depositions of Mr. King and Ms. Ho Sang.  (Meyerhoff letter, 8/19/2019, attached as Exhibit D.)  In response, Plaintiffs' counsel demanded that the depositions go forward.  (Hamburger letter, 8/22/2019, Exhibit E; Stern letter, 8/22/2019, Exhibit F.)

Larraín Rencoret ► Hamilton Harrison & Mathews ► Mardemootoo Balgobin ► HPRP ► Zain & Co. ► Delany Law ► Dinner Martin ► Maclay Murray & Spens ► Gallo Barrios Pickmann ► Muñoz ► Cardenas & Cardenas ► Lopez Velarde ► Rodyk ► Boekel ► OPF Partners

**大成 DENTONS**

The Honorable Cheryl L. Pollak
August 27, 2019
Page 2

dentons.com

Plaintiffs previously attempted to compel Allstate to produce notes taken by Allstate's counsel and Ms. Ho Sang during the CFASS inspection.  This Court in its June 8, 2018 Order denied Plaintiffs' motion to compel, finding that the notes were clearly work product and that plaintiffs had made "absolutely no showing of need" that would justify production.  (Exhibit G, 6/8/2019 Order, pp. 23-25.)

Now, having been denied access to Mr. King's and Ms. Ho Sang's notes, Plaintiffs seek access to their minds.  There is no justification for that kind of intrusion into the thought processes, strategies, conclusions and observations of defense counsel.  Mr. King was lead trial counsel in this matter from its inception until his recent retirement, and Ms. Ho Sang has been the chief paralegal assigned to this matter since December 2015.  Any knowledge or information that either of them may have arises solely out of their representation of Allstate in this matter.

Plaintiffs have identified no particularized factual information held by either Mr. King or Ms. Ho Sang that is unavailable from other sources, such as the extensive photographic and video record of the CFASS inspection, transcripts of hearings and proceedings in this matter, and the documentary materials produced by both sides in this case.  Any testimony that either Mr. King or Ms. Ho Sang could give that goes beyond what is contained in that source fact material necessarily involves the mental impressions, conclusions and trial strategies of counsel, and Plaintiffs can make no showing of need, let alone compelling need, for such information in order to prosecute their affirmative claims or defend Allstate's counterclaims.

The Second Circuit has made clear that depositions of opposing counsel are disfavored.  *United States v. Yonkers Bd. Of Educ.,* 946 F2d 180, 185 (2d Cir. 1991).  Although there may be circumstances that justify the deposition of opposing counsel, the Court must consider all the facts and circumstances, including the party's need to depose the lawyer, the lawyer's role in connection with the matter of which discovery is sought and its relation to the pending litigation, the risk of encountering privilege and work product issues, and the extent of discovery already conducted.,  *Official Comm. Of Unsecured Creditors of Hechinger Inv. Co., of Del., Inc. v. Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

All the *Friedman* factors militate against permitting the depositions of Mr. King and Ms. Ho Sang here.  First, Plaintiffs cannot establish a need for the depositions given the issues in the case.  Second, Mr. King's and Ms. Ho Sang's sole roles were in connection with their defense of this action, and any factual information they may have was obtained in that capacity.  They are not independent percipient witnesses to Plaintiffs' claimed loss.  Third, while Mr. King may have witnessed various misrepresentations by Plaintiffs' or their counsel regarding the extent and nature of the loss, those misrepresentations are well-documented and readily accessible to Plaintiffs elsewhere, including in transcripts, correspondence, and other documents that have been produced by the parties in this action.  And the October/November 2017 CFASS inspection was witnessed by all parties, and extensively documented via photo and video recording that have already been obtained through the discovery process.  Fourth, and finally, the risk of encountering privilege and work product issues is extremely high.

大成 **DENTONS**

dentons.com

Accordingly, the Court should issue a protective order prohibiting Plaintiffs from taking the depositions of Mr. King or Ms. Ho Sang.

Respectfully,

*/s/* Gary Meyerhoff

Enclosures

cc:       All parties of record (via ECF)