# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ROBERT TOUSSIE and LAURA TOUSSIE,

                    Plaintiffs,

            -against-                           **ORDER**
                                              15 CV 5235 (ARR) (CLP)

ALLSTATE INSURANCE COMPANY,

                    Defendant.
---------------------------------------------------------- X

**POLLAK**, United States Magistrate Judge:

       Plaintiffs Robert Toussie and Laura Toussie recently retained new counsel after the Court allowed their prior attorneys to withdraw. (See 1/9/2018 Order, ECF No. 144; 1/25/2018 Notices of Appearance, ECF Nos. 149, 2150). On February 15, 2018, the parties filed a joint status report in which they raise several issues for the Court's consideration. (See generally Status Report, Feb. 15, 2018, ECF No. 153). The Court addresses each issue in turn.

**A.**      **Former Counsel's Retaining Lien**

       The Toussies' former attorneys from the firm Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP ("Abrams Fensterman") have asserted a retaining lien over the files and papers related to this action. (See Status Report at 1-2). On February 2, 2018, the Court entered a stay in the flood case to allow Mr. Toussie to attempt to resolve his former attorney's retaining lien. See Toussie v. Allstate Ins. Co., No. 14 CV 2705, Slip. Op. at 2 (E.D.N.Y. Feb. 2, 2018), ECF No. 202.

       As the Court explained in its Order granting a stay in the flood case, in addition to the statutory charging lien and *quantum meruit* recovery, New York law allows an attorney who withdraws for "good cause" to assert a retaining lien until the client's account is paid in full.

1

Melnick v. Press, No. 06 CV 6686, 2009 WL 2824586, at *11 (E.D.N.Y. Aug. 28, 2009) (quoting Theroux v. Theroux, 145 A.D.2d 625, 626, 536 N.Y.S.2d 151 (2d Dep't 1988)).  The retaining lien is founded on physical possession and "gives an attorney the right to keep, with certain exceptions, all of the papers, documents and other personal property of the client which have come into the lawyer's possession in his or her professional capacity as long as those items are related to the subject representation."  Luca v. Giaccone, No. 16 CV 4975, 2017 WL 3669614, at *6 (E.D.N.Y. Aug. 24, 2017) (quoting Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 262 n.3 (2d Cir. 2004)).  Such retaining liens are fully enforceable in the federal courts, which "have the responsibility to exercise supplemental jurisdiction over an attorney's claim for a lien "to protect its own officers in such matters[.]"  Haggar Int'l Corp. v. United Co. for Food Indus. Corp., No. 03 CV 5789, 2013 WL 3356953, at *2 (E.D.N.Y. July 3, 2013) (quoting Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 449 (2d Cir. 1998)).  Courts will grant an exception to the retaining lien only where a party demonstrates extreme hardship or other extraordinary circumstances.  Melnick v. Press, 2009 WL 2824586, at *11 (citing Pomerantz v. Schandler, 704 F.2d 681, 683 (2d Cir. 1983)).

Although this Court did not issue a stay in this case when it issued the stay in the related flood case, the Court agrees that to require plaintiffs and their new counsel to respond to written discovery and the pending motion filed by the defendant to amend their Answer to add counterclaims for, *inter alia*, fraud, without the benefit of files exclusively in the possession of former counsel, poses an unacceptable risk of undue prejudice to plaintiffs.  Thus, except as discussed below, all proceedings in this case are stayed until March 9, 2018, during which time the Toussies and their new counsel shall attempt to resolve the retaining lien in good faith.

2

**B.     Inspection of CFASS**

Since at least June 13, 2017, Allstate has sought to inspect the boxes plaintiffs have stored at Christie's Fine Art Storage Services ("CFASS" or "Christie's").  (See Def.'s Mot. to Compel, June 13, 2017, ECF No. 94).  After a delay of several months caused by the withdrawal of Mark E. Goidell, Esq., who served as plaintiffs' counsel before Abrams Fensterman, the Court held a conference regarding the inspection of the boxes and premises at CFASS.  (See Minute Entry, Oct. 3, 2017, ECF No. 107).  Thereafter, the Court denied plaintiffs' motion to quash defendant's subpoena directed to CFASS or for a protective order, and directed defendant to submit a subpoena to be endorsed by the Court to eliminate any doubt about the necessity of compliance.  See generally Toussie v. Allstate Ins. Co., No. 15 CV 5235, 2017 WL 4773374 (E.D.N.Y. Oct. 20, 2017), ECF No. 110.  After endorsing the subpoena on October 23, 2017 (see Order, Oct. 23, 2017, ECF No. 113), the Court again rejected plaintiffs' attempts to prevent or narrow discovery of the boxes at CFASS.  See Toussie v. Allstate, No. 15 CV 5235, 2017 U.S. Dist. LEXIS 178571, at *2-3 (E.D.N.Y. Oct. 27, 2017), ECF No. 117.

That Order marked the fourth time the Court had ruled on the plaintiffs' concerns regarding the CFASS inspection.  See id. at 4.  The Court observed that "the arguments and issues raised in plaintiffs' motion are not at all new, nor are the Court's concerns about plaintiffs' conduct."  Id. at 3.  The Court was "deeply troubled by the pattern of seeking to thwart proper discovery requests and to delay this litigation."  Id. at 4.

Through new counsel, plaintiffs yet again attempt to revisit the Court's earlier rulings regarding the scope of the inspection at CFASS for a fifth time.  (See Status Report at 5-6).  In light of counsel's recent appearance and their lack of access to files of former counsel, the Court assumes that plaintiffs' new counsel is not seeking to perpetuate the pattern of improper

3

discovery conduct and frivolous arguments previously identified by this Court or to ignore the Court's Orders.  See, e.g., Toussie v. Allstate, 2017 U.S. Dist. LEXIS 178571, at *5 (explaining that "[a]lthough sanctions have not been requested at this time, the Court expects that going forward, plaintiffs and their counsel will adhere to the Federal Rules and this Court's prior Orders and will not continue to re-litigate the same issues previously decided by the Court").  Nonetheless, plaintiffs' counsel should review the docket carefully on CM/ECF or PACER.  "The case does not start anew each time there is a change in attorney."  Martinez v. City of New York, 16 CV 79, 2017 WL 6403512, at *2 (E.D.N.Y. Dec. 14, 2017).

To eliminate any doubt and to avoid further disputes regarding the inspection, the Court reaffirms its earlier rulings and makes it clear that Allstate is entitled to inspect, open, and photograph the exterior, interior, and contents of any of the boxes at CFASS.  See Toussie v. Allstate, 2017 U.S. Dist. LEXIS 178571, at *3.  The parties agree that the inspection of the boxes and premises at CFASS should continue even though the rest of the case is stayed.  (See Status Report at 4-7).  Accordingly, the parties are Ordered to proceed with the inspection of the boxes and premises at CFASS and shall endeavor to complete the inspection by March 16, 2018.

Although the parties shall complete the inspection as quickly as possible, the Court denies plaintiffs' request that Allstate be required to finish the inspection in a single day.  (See Status Report at 6).

**C.     Payment of CFASS's Outside Counsel Fees**

The parties dispute whether CFASS has requested that the parties pay its outside counsel's fees and whether any such request was the result of Mr. Toussie's conduct at the

4

inspections.  (See Status Report at 9-11).  In the absence of a motion from Christie's, the Court is unable to resolve this dispute.

The Court-Ordered subpoena continues in effect, and Christie's Fine Art and Storage Services remains obligated under this Court's Orders to make the storage space available and to permit the inspection until has been completed or until further Order of this Court.  (See, e.g. Order, Nov. 6, 2017, ECF No. 119).  Nonetheless, Christie's remains free to seek a protective order or to request an order requiring that one or all of the parties pay its counsel's fees.  See Fed. R. Civ. P. 26(c).  Unless and until the Court issues such an Order, however, Christie's must permit the inspection to proceed as Ordered.

**D.**     **Preservation Order**

On October 20, 2017, the Court entered a preservation Order enjoining the plaintiffs or anyone acting on their behalf from removing any boxes or property from storage units located at Christie's Fine Art Storage Services, in light of significant concerns that evidence had been or would be spoliated.  See Toussie v. Allstate Ins. Co., 2017 WL 4773374, at *4-5.  On November 6, 2017, the Court extended the preservation Order until January 15, 2018 because significant delays, primarily attributable to plaintiffs and their previous counsel, had prevented the defendant from finishing its inspection of the premises at CFASS.  See Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2017 U.S. Dist. LEXIS 183603, at *5-6 (E.D.N.Y. Nov. 6, 2017), ECF No. 119.  On January 12, 2018, the Court extended the preservation Order to March 15, 2018.  See Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2018 U.S. Dist. LEXIS 5979, at *2-3 (E.D.N.Y. Jan. 12, 2018), ECF No. 147.

The inspection has not concluded and there remains the possibility of irreparable harm to the defendant if the Court were not to continue the preservation order. Furthermore, the significant concerns regarding spoliation have not abated. Thus, the Court concludes that it is appropriate to continue the preservation order.

The Court therefore **ORDERS** that plaintiffs, Robert Toussie and Laura Toussie, as well as their agents, employees, and any other person, are **ENJOINED** from removing any boxes or property from the storage units located at Christie's Fine Art Storage Services, 100 Imlay Street, Brooklyn, NY 11231, absent permission from this Court. This prohibition shall remain in place until the earlier of May 1, 2018 or upon further Order of this Court upon the conclusion of the inspection of the premises.

Plaintiffs have expressed serious concern over their continuing inability to remove property from CFASS as a result of the preservation Order. (See Status Report at 4-6). The Court recognizes the hardships imposed by the preservation Order, but concludes that withdrawing the Order or setting an arbitrary deadline for completion is unwarranted. As the Court's Orders and minute entries over the past several months demonstrate, most, if not all, of the delay with respect to the inspection has resulted from the conduct of the plaintiffs and their counsel, both before and during the inspections.

The choice belongs to the plaintiffs. If they wish to expedite the inspection, and thus hasten the termination of the preservation Order, they should comply with the Court's Orders and their discovery obligations and should work with the defendant to complete the inspection efficiently. If, however, the plaintiffs decide to continue to attempt to relitigate issues already decided by the Court, to ignore Orders and the Federal Rules, or otherwise to delay this litigation, then they must accept the consequences and delay their conduct engenders. The Court

will continue to extend the preservation Order to ensure that obstructive tactics are not allowed to defeat the defendant's rights under the Federal Rules of Civil Procedure and this Court's Orders to conduct an inspection of the premises and the boxes thereon. The Court also will not shy from imposing sanctions where appropriate, especially in light of the numerous warnings plaintiffs have already received.

## CONCLUSION

As explained herein, except for the inspection of CFASS, all proceedings in this matter are stayed until March 9, 2018. During that time, plaintiffs and their new counsel should attempt in good faith to resolve Abrams Fensterman LLP's retaining lien.

The inspection of CFASS shall continue. The Court reaffirms its earlier rulings and makes it clear that Allstate is entitled to inspect, open, and photograph the exterior, interior, and contents of any of the boxes at CFASS. The parties shall endeavor to conclude the inspection by March 16, 2018.

In the absence of a motion from CFASS, the Court is unable to resolve the parties' dispute regarding CFASS's counsel fees. The Court-Ordered subpoena continues in effect, and Christie's must permit the inspection to proceed.

The Court **ORDERS** that plaintiffs, Robert Toussie and Laura Toussie, as well as their agents, employees, and any other person, are **ENJOINED** from removing any boxes or property from the storage units located at Christie's Fine Art Storage Services, 100 Imlay Street, Brooklyn, NY 11231, absent permission from this Court. This prohibition shall remain in place until the earlier of May 1, 2018 or upon further Order of this Court upon the conclusion of the inspection of the premises.

Counsel for Allstate Insurance Company is directed to serve a copy of this Order on

8

Christie's Fine Art Storage Services.  The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**

Dated:  Brooklyn, New York
        February 20, 2018

                              /s/ Cheryl L. Pollak
                            Cheryl L. Pollak
                            United States Magistrate Judge
                            Eastern District of New York