# Exhibit E

# HAMBURGER, MAXSON, YAFFE & McNALLY, LLP

ATTORNEYS AT LAW

225 BROADHOLLOW ROAD, SUITE 301E

MELVILLE, NEW YORK 11747

631.694.2400

FAX: 631.694.1376

HMYLAW.COM

RICHARD HAMBURGER
rhamburger@hmylaw.com

August 22, 2019

**VIA E-MAIL**

Gary Meyerhoff, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Re:  Toussie v. Allstate Insurance Company
     Case No.:  15-CV-05235 (ARR)(CLP)

Dear Gary:

I write in response to your August 19, 2019 letter to me and Mr. Stern (the "Letter") regarding your acceptance of a new position and departure from Dentons at the end of September, your request to now adjourn the deposition dates for Laura and Robert Toussie and your indication that you will not be presenting Robert King or Patrice Ho Sang for deposition. First, let me congratulate you on your new position, whatever it may be.

**We Do Not Consent To The Requested Adjournment of the Toussie Depositions, And Insist That They Proceed On The Dates Which All Parties Have Previously Confirmed and Agreed.**

Laura Toussie is scheduled to be deposed on September 19, 2019 and Robert Toussie is scheduled to be deposed on September 27, 2019. As you will recall, these dates were confirmed and agreed to after much back and forth with you in late July (much of which was accompanied by your unfortunate intemperate remarks). Presumably, at that time you already knew that you would, or, at least, might, be departing Dentons, yet you provided no such indication to us all while pressing for confirmation of the deposition dates. Schedules and commitments have been made in anticipation of these dates, and will not be changed in the absence of "good cause," as

HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW

Gary Meyerhoff, Esq.
August 22, 2019
Page 2

required by the so-ordered stipulation entered July 17, 2019 (Dkt. #294).  Notably, that stipulation was fully executed by counsel for all parties and so-ordered by the court *before* these deposition dates were scheduled *with your agreement.*

Your letter presents no "good cause" for the requested adjournments. Among other things, since you are not departing Dentons until "the end of September," you surely can conduct the depositions yourself.  You have presented no reason why, in the alternative, Mr. Zahner cannot take the depositions, and your letter does not indicate that Mr. Zahner is unavailable on the agreed upon deposition dates.  In addition, and in any event, my client, Mrs. Toussie, is not available on the alternative dates you have now proposed for her deposition, nor am I.  Moreover, as you should certainly recall, Mr. Stern expressly advised you in his July 26, 2019 email that he has a trial scheduled for Monday, September 23 which, he indicated, is expected to last two to three days.  It is therefore unclear why you are suggesting that Mrs. Toussie's deposition be scheduled on dates between September 23-25.

As for the alternative dates you are now proposing for Mr. Toussie's deposition, I defer to Mr. Stern with regard to his and his client's availability, however, please be advised that Mrs. Toussie does not consent to any such adjournment, for the reasons stated above.  In addition, and in any event, I am not available for such deposition on October 2, 3, 4 or October 14, 15, 16 or 18.  I acknowledge that I am available on the October 17 date presented to Mr. Zahner for taking the deposition of Allstate witnesses.

For all the foregoing reasons, Mrs. Toussie and Mr. Toussie will be made available for deposition at your office by Allstate only on the dates previously confirmed and agreed to; September 19, 2019 for Mrs. Toussie and September 27, 2019 for Mr. Toussie.  Any failure by Allstate to take either deposition on the agreed upon dates will be at Allstate's own risk, and these witnesses will not be produced for deposition on any other date absent a court order.  Please be guided accordingly.

**Subpoenas and Deposition Notices Have Been Properly Served for the Depositions of Robert King and Patrice Ho Sang, and Your Indicated Refusal to Produce Them for Deposition is Unwarranted and Has No Legal Basis.**

In its Disclosures Pursuant to Rule 26(a)(1)(A)(i), executed by you on August 5, 2019, Allstate identified Robert King and Patrice Ho Sang as individuals "who are likely

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Gary Meyerhoff, Esq.
August 22, 2019
Page 3

to have discoverable information that Allstate may use to support its claims or defenses" in the litigation. With respect to Ms. Ho Sang, you specified on behalf of Allstate that she had discoverable information regarding, "[s]earch of contents of boxes at CFASS and authentication of photographs concerning same." *Id.* With respect to Mr. King, you specified on behalf of Allstate that he had discoverable information regarding, "[n]on-privileged information regarding Plaintiffs' misrepresentations and concealments in connection with their claims, through counsel and otherwise, after the filing of this litigation." *Id.*

Accordingly, Plaintiffs have properly served deposition notices and subpoenas to your office for these individuals, and they must be produced for deposition. As you are surely aware, "[a] primary purpose of the requirements for initial disclosure of witnesses and supplementation is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, *taking the deposition of such witnesses.*" *Kullman v. State of New York,* 2009 WL 1562840, *5 (N.D.N.Y. 2009) (emphasis added), *citing,* Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments). Having identified Mr. King and Ms. Ho Sang in Allstate's Rule 26(a) disclosure, Allstate has no lawful basis for now refusing to present them for deposition or for otherwise seeking to preclude plaintiffs from taking their depositions. *See, e.g., ITT Corporation v. Travelers Casualty & Surety Co.,* 2017 WL 589192, *3 (D. Conn. 2017) (emphasis added, internal quotation marks omitted) ("[w]ith respect to Attorneys Brownstein and Waisman, *plaintiffs are entitled to take their depositions for the obvious reason that these two attorneys are listed . . . in defendant's Rule 26(a) Disclosures as fact witnesses . . . . Defendant cannot bar plaintiffs from deposing two attorneys that it designated as fact witnesses,* and plaintiffs rightly note that Travelers has provided no authority to support that a party may prevent its opponent from taking testimony of a witness disclosed by the party in its Rule 26(a) disclosures").

A.    **The Deposition of Ms. Ho Sang.**

The above-cited case law and circumstances, standing alone, entitle plaintiffs to take Ms. Ho Sang's deposition. In an apparent effort to nonetheless now evade Ms. Ho Sang's deposition, you now contend that, "Allstate has *no intention* of calling Ms. Ho Sang *at trial, except as may be necessary* as a foundational witness to authenticate photos or videos taken during the CFASS inspections." Letter, p. 1 (emphasis added). This argument fails for several reasons.

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Gary Meyerhoff, Esq.
August 22, 2019
Page 4

First, pursuant to Rule 26(a) Allstate has already unequivocally stated that Ms. Ho Sang has "discoverable information" that it "may use" from Ms. Ho Sang "to support" its own case.   Your proffered backtracking is inconsistent with that representation.  In addition, your Letter does not, in any event, confirm that Allstate *will not* call Ms. Ho Sang as a witness at trial.  Rather, as you equivocally state, Allstate has "no intention . . . *except as may be necessary*" to call Ms. Ho Sang "at trial."  Letter, p. 1 (emphasis added).  That equivocation does not meet the standard.

Second, the Advisory Committee Notes to the 2000 Amendment make clear that "'Use' includes any use . . . to support a motion, or at trial."  *See, e.g., Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, *1 (S.D.N.Y. 2002); *Emmresa Cuban Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159 (S.D.N.Y. 2003).  Your contentions only address "the trial," not "motion" practice, and thus in no manner obviates plaintiffs' right to take her deposition and Allstate's obligation to produce her.

Third, while Allstate's Rule 26(a) disclosure confirms that Ms. Ho Sang has information regarding "[s]earch of contents of boxes at CFASS and authentication of photographs concerning same," your Letter only speaks to the "authentication" aspect of her information, not to the "search of contents of boxes" aspect.  Thus again, the Letter fails to obviate the propriety of plaintiffs taking her deposition.

Fourth, we have already met and conferred with Mr. Zahner in good faith on August 15, 2019 regarding the subpoenas and deposition notices and have presented him with proposed choices of dates for their depositions.  Mr. Zahner confirmed in writing that he would get back to us with respect to the following dates, October 7, 8, 10 and 17.  At no time during the meet and confer did he express any opposition whatsoever to the subpoenas and deposition notices for Ms. Ho Sang and Mr. King.

For all the foregoing reasons, we demand that you immediately provide a date on either October 7, 8, 10 or 17 for the deposition of Ms. Ho Sang, and we reserve our right to seek appropriate relief for any failure to do so.

HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW

Gary Meyerhoff, Esq.
August 22, 2019
Page 5

**B.**   **The Deposition of Mr. King.**

Despite the above-cited case law and circumstances, in an apparent effort to nonetheless now evade Mr. King's deposition, you now contend that, "[a]t present, Allstate *does not expect* to use Mr. King as a trial witness" and that, therefore, "at present there is no need for his deposition." Letter, pp. 1-2 (emphasis added). This argument fails for many of the same reasons that pertain to your effort to evade Ms. Ho Sang's deposition.

First, your argument and representation conflicts with the unequivocal statement regarding Mr. King set forth in Allstate's Rule 26(a) disclosure. Moreover, the types of word games employed in your Letter have been rejected by courts reviewing same. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 605 (S.D. Cal. 2015) ("Requiring parties to disclose only those witnesses they subjectively intend to use in substantiating their claims, rather than those they merely 'may use' as Rule 26 explicitly requires, would erode the efficacy of the rule's disclosure requirements").

Second, your contentions only address "the trial," not "motion" practice, and thus in no manner obviates plaintiffs' right to take his deposition and Allstate's obligation to produce him.

Third, to any extent that certain aspects of information Mr. King has may, as you maintain, be subject to work product or attorney client privileges, such does not obviate the propriety of taking his deposition. *See, ITT Corp., supra,* *3 (where the Court directed that plaintiffs were entitled to take the deposition of attorneys disclosed as fact witnesses on defendant's Rule 26(a) disclosures, but confirmed that "[d]efendant, however, remains entitled to assert the attorney client privilege or work product doctrine if and when any individual question strays from discoverable and non-privileged information").

Fourth, Mr. King clearly has discoverable information critical to the claims and defenses of Allstate, which you and Mr. Zahner expressly acknowledged by placing him on Allstate's witness disclosure list. This is a core issue for plaintiffs.

HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW

Gary Meyerhoff, Esq.
August 22, 2019
Page 6

For all the foregoing reasons, we demand that you immediately provide a date on either October 7, 8, 10 or 17 for the deposition of Mr. King, and we reserve our right to seek appropriate relief for any failure to do so.

Per the request set forth in your Letter, this letter is being copied to your partner Richard Fenton who, quite notably, has already indicated that he is not available on the September 17 and 18 dates that you represented in the Letter as being dates for which he was available for the deposition of Mrs. Toussie.

Sincerely,

Richard Hamburger

/kc

c:  Brendan Zahner, Esq. (via e-mail)
    Richard Fenton, Esq. (via e-mail)