# Exhibit F

# SCHEYER & STERN, LLC
## Attorneys at Law

110 Lake Avenue So., Suite 46
Nesconset, New York 11767
Telephone No. (631) 650-9260
Fax No. (631) 650-9259
*Email: ScheyerStern@gmail.com*

August 22, 2019

Gary Meyerhoff, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

      Re: Toussie v. Allstate Insurance Company
          Case No.: 15-CV-05235(ARR)(CLP)

Dear Mr. Meyerhoff:

     I write to join in Richard Hamburger's objections to your letter of August 19, 2019. As he correctly points out, the scheduling of depositions in case was the result of negotiations over the course of several weeks. The schedule upon which we agreed formed the basis for the so ordered discovery schedule in this case. You will also recall that the schedule ultimately agreed upon was not the one the Plaintiffs had proposed, but a substantially condensed one. Thereupon, all of this firm's planning and scheduling with respect to our handling of the case was based upon a schedule that had been condensed *at your insistence*.

     We are now nearly 6 weeks into that schedule. In your letter, you represented that the Defendants are now available on only 5 days during the month of September. Three of those days precisely correspond with a 3 day period when I cannot be available due to a trial of which you were advised almost a month ago. We are now advised that Defendant is not available on either the 17th or the 18th either. Given your wholesale revisions the parties would not be able to *begin* to conduct depositions until after October 1, when there would be just 6 weeks remaining of the time allotted for the completion of disclosure in this case.

     Your attempt to withdraw witnesses, the relevance of whose testimony has already been conceded, is also rejected. To the very cogent summary of the relevant principles laid out in Mr. Hamburger's letter, I would add only the obvious- that these are the very witnesses upon which the Defendant purports to rely with respect to virtually every allegation made in Allstate's counterclaims. There is simply no question that their testimony is both relevant and necessary.

     I wish you well in your future endeavors. However, that you have elected to leave your current position at the end of September cannot be a basis for the substantial prejudice to my clients your "revisions" would entail.

Yours truly,
SCHEYER & STERN, L.L.C.


By: Fredrick P. Stern, Esq.

Case 1:15-cv-05235-ARR-PK   Document 307-6   Filed 08/27/19   Page 3 of 3 PageID #: 6814