# Scheyer & Stern, LLC

-Attorneys at Law-

110 Lake Avenue So., Suite 46

Nesconset, New York

Telephone No. (631) 265-8500

Fax No. (631) 265-8558

ScheyerStern@gmail.com

September 4, 2019

VIA ECF

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
Chambers Room 1230
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Toussie v. Allstate Insurance Company
      Case No.: 15-CV-05235(ARR)(CLP)

Your Honor:

  As your Honor is aware, I am counsel to Robert Toussie with regard to the above referenced matter.  I write pursuant to this Court's Motion Procedures and Rules to respond to the letter filed by Gary Meyerhoff wherein he advises the Court that Allstate intends to file a Motion for a Protective Order prohibiting Plaintiffs from deposing Allstate's former lead counsel, Robert H. King, now-retired from the Dentons law firm, and Patrice Ho Sang, a paralegal with Dentons (the "Meyerhoff Letter").

  As Mr. Meyerhoff advised, on August 8, 2019 the Plaintiffs served deposition notices for Mr. King and Ms. Ho Sang, copies of which are attached as Exhibit A to the Meyerhoff Letter. Both Mr. King and Ms. Ho Sang were listed on Allstate's witness disclosures (Meyerhoff Letter, Exhibit B) as having knowledge related to certain aspects of this case. While Allstate alleges that it has not designated either Mr. King nor Ms. Ho Sang as trial witnesses in this matter, and that Allstate does not intend to call either at trial, except as it may be necessary to call Ms. Ho Sang as a foundational witness to admit various photographs and videos that were recorded during Allstate's inspection of the contents of boxes stored by Plaintiffs at Christie's Fine Arts Storage Services ("CFASS") in October and November, 2017, that claim is irrelevant to the Plaintiffs' right to depose persons whom Allstate concedes are witnesses with "knowledge related to certain aspects of this case."

  In fact, Allstate's counterclaims are based, almost in their entirety, on the "investigation" conducted by Mr. King while he was in the employ of Dentons as well as the inspection of the CFASS boxes which Ms. Ho Sang took part in.  (See Exhibit A).  Paragraphs 18-43 of Allstate's Amended Answer with Counterclaims ("Counterclaims") specifically contain allegations which Mr. King purportedly uncovered during this alleged "investigation".  Inasmuch as some or all of these allegations are in direct contravention to the documentary evidence it is imperative that the

Plaintiffs depose Mr. King to discover whom he spoke with and what documents he reviewed prior to Allstate making these allegations.

For example, paragraphs 22 and 33 of the Counterclaims allege that Robert or Laura Toussie, or their agents, placed alphanumeric codes on the boxes which were ultimately sent to CFASS and that "inventories" were prepared by the Plaintiffs.  However, the documentary evidence establishes that Frances Milliken, Christie's Silver Administrator, marked and inventoried these boxes while the Toussies were in Florida and that the Toussies took no part in either of these endeavors.  Clearly, the Plaintiffs are entitled to depose Mr. King to determine who he spoke to regarding these allegations and what the substance of those interviews uncovered.

It is respectfully submitted that Allstate's attempt to prevent the Plaintiffs from deposing Mr. King and Ms. Ho Sang is frivolous and against even the case law relied upon by them in the Meyerhoff letter.  In *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman*, 350 F.3d 65 (2d Cir. 2003) the very case relied upon by Allstate's counsel, the Second Circuit held that, in this Circuit, Courts should apply a "flexible" approach in determining whether to allow the depositions of opposing counsel. In that case the Court held:

> "Although we have cited *Shelton* for the proposition that depositions of "opposing counsel" are disfavored, see *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991), we have never adopted the *Shelton* rule and have stated specifically that the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature. *Gould Inc. v. Mitsui Min. & Smelting Co., Ltd.*, 825 F.2d 676, 680 n. 2 (2d Cir. 1987). Indeed, only the Sixth Circuit has followed the Eighth in adopting the *Shelton* rule. See *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (adopting *Shelton*).  Rather, as we implicitly recognized in *Gould*, 825 F.2d at 680 n. 2, the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship.  Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted...Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered. Several district courts in this Circuit have properly applied a flexible approach to the issue of lawyer depositions. See, e.g., *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) (rejecting "wooden[]" adherence to the *Shelton* rule)..." (See also, *NAACP v. E. Ramapo Cent. Sch. Dist.*, 2019 U.S. Dist. LEXIS 14981 [S.D.N.Y. 2019]).

The Court in *Friedman* also made clear that "District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories...oral depositions should not be routinely replaced by written questions including the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes." (See Footnote 2).

Plaintiffs have the right to depose these witnesses regarding factual matters that they have knowledge of including conversations they had while conducting the "investigation" which forms the basis of Allstate's counterclaims including their conversations with employees of CFASS, American Express, Lockson Movers, and any other persons with whom they may have conducted interviews or received documents in this matter.

Plaintiffs also have the right to depose Ms. Ho Sang regarding the conducting of the CFASS inspection and the photographs that were taken since Allstate concedes that she may be called at trial as a "foundational witness" for the very purpose of admitting these photographs.   The Plaintiffs cannot be placed in a position where they are not aware of the testimony Ms. Ho Sang intends to offer with regard to each photograph, or her knowledge of the items of personal property contained in those photographs, until trial since they would be unable to prepare a rebuttal of such testimony.

It is clear that the depositions requested by the Plaintiffs are relevant to the Counterclaims and that the facts uncovered during this alleged "investigation" are discoverable.  (See, *Bear Republic Brewing Co v. Cent. City Brewing Co.*, 275 F.R.D. 43 [D. Mass 2011] which held that while "any reports that the investigator prepared were not discoverable, the facts recited in the reports were discoverable).  Allstate cannot now claim that the facts allegedly uncovered in their "investigation" cannot be discovered by Plaintiffs because Allstate had their own counsel  conduct the investigation, rather than a third party investigator, or that any  conversations between Allstate's counsel and third parties is protected by the attorney-client privilege.

Nor can Allstate claim that Mr. King's deposition would be "disruptive" to their representation of Allstate in this matter since they have advised the Court that Mr. King retired and a motion for him to withdraw from this matter was granted by the Court.   Moreover, where there is more than one attorney representing a client, this Court has held that the taking of a deposition of yet a third lawyer is "minimally disruptive".  (See *Johnson v. City of New York*, 2018 U.S. LEXIS 215735 [E.D.N.Y. 2018]).  Likewise, the depositions of Ms. Ho Sang, who is a paralegal, should be found to be "minimally disruptive".

While Allstate claims that, to allow the depositions of these non-parties would result in a high risk of "encountering work product" this is not dispositive of the issue but only one of the factors to be considered.  Nor would the privilege be extended to information which an attorney secures from a nonparty witness while the attorney is acting on behalf of his client.  (See, *Johnson v. City of New York, supra*).  Moreover, documents containing communications between counsel and third parties generally are not privileged and, therefore, discoverable.  (See *United States v. Tellier*, 255 F.2d 441, 442 [2d Cir. 1958]; See *Mendillo v. Prudential Ins. Co of Am.*, 2014 U.S. Dist. LEXIS 22451 [D. Conn. 2014]; *NAACP v. E. Ramapo Cent. Sch. Dist., supra*).

It is Allstate's burden to establish that the attorney-client privilege should prevent the depositions of Mr. King and Ms. Ho Sang in this matter.  (See *Scanlon v. Bricklayers and Allied Craftworkers Local No. 3*, 242 F.R.D. 238, 245 [W.D.N.Y. 2007]).  Here, Allstate has made only a "general allegation or blanket assertion of the [attorney-client] privilege" which is insufficient to warrant protection".  (See *Mendillo v. Prudential Ins. Co of Am.*, 2014 U.S. Dist. LEXIS 22451 [D. Conn. 2014]).

Accordingly, the Court should decline to grant Allstate the opportunity to file a motion for a protective order prohibiting Plaintiffs from taking the depositions of Mr. King and Ms. Ho Sang because such a request is patently meritless.

Respectfully,

Scheyer & Stern, LLC

By:____/s/Fredrick P. Stern_____
Fredrick P. Stern, Esq.
*Attorneys for Plaintiff, Robert Toussie*