# HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP

ATTORNEYS AT LAW
225 BROADHOLLOW ROAD, SUITE 301E
MELVILLE, NEW YORK 11747
631.694.2400
FAX: 631.694.1376
HMYLAW.COM

RICHARD HAMBURGER
rhamburger@hmylaw.com

September 4, 2019

**VIA ECF**

Hon. Cheryl L. Pollak, Magistrate Judge
U.S. Eastern District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Toussie v. Allstate Insurance Company
             Case No.: 15-CV-05235 (ARR)(CLP)

Dear Judge Pollak,

      I write on behalf of my client, plaintiff Laura Toussie, in response to the August 27, 2019 letter from Allstate's out-going counsel, Gary Meyerhoff, Esq., to Your Honor advising of Allstate's intention to file a motion for a protective order to prohibit the Plaintiffs from deposing Robert King and Patrice Ho Sang (the "8/27 Meyerhoff Lt.") and to report on the status of several matters in this litigation in advance of our September 6, 2019 conference with the Court.

**The August 15, 2019 Meet and Confer**

      On August 15, 2019 counsel for all parties conducted a telephonic meet and confer to discuss several open discovery matters regarding: (a) the scheduling of plaintiffs' depositions of witnesses listed on Allstate's Rule 26(a)(1)(A)(i) disclosure — specifically, Nancy Gunderson, Patrice Ho Sang, Robert King, Jr., and Keith Mayne; (b) the adequacy of plaintiffs' amended responses to Allstate's third set of interrogatories; and (c) the intended service by plaintiffs of interrogatories upon Allstate with respect to Allstate's Amended Answer with Counterclaims (the "AAC"). I participated in the conference on behalf of Laura Toussie, Fredrick Stern participated on behalf of Robert Toussie, and Brendan Zahner, Esq. participated on behalf of Allstate. Mr. Meyerhoff did not participate in the call. The conference was professional and productive, and established a mutually agreed path for proceeding with respect to all issues:

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
September 4, 2019
Page 2

- With respect to the four depositions noticed by plaintiffs (including Mr. King and Ms. Sang), no objection was raised by Mr. Zahner, except to the dates for which they had been noticed. Mr. Zahner wanted those depositions to take place after Laura and Robert Toussie were deposed. Mr. Stern and I agreed, presenting a series of proposed October dates to Mr. Zahner who indicated that he would contact each of the four witnesses regarding their availability and get back to us.

- With respect to the adequacy of plaintiffs' amended response to Allstate's third set of interrogatories, the parties agreed that Allstate would serve new interrogatories regarding the matters in dispute, that plaintiffs would serve responses to such new interrogatories by September 3 (which responses have been served) and that any dispute regarding same would be brought to the Court's attention by joint letter for resolution by Your Honor at the September 6 conference.

- With respect to the interrogatories being served by plaintiffs (which were served on August 16, 2019), it was agreed that Allstate would respond by September 4, 2019 with any objections, which would also be submitted to Your Honor for resolution by joint letter at the September 6 conference or, to the extent Allstate had no objections, Allstate would provide responses by September 10.

- Finally, I asked Mr. Zahner, as a courtesy, to provide to us copies of the interrogatories previously exchanged between the parties through prior counsel, as we did not have them and they were not available through the electronic docket. He indicated that he had no particular objection, but that he would speak with Mr. Meyerhoff regarding this request and get back to me.

Attached as Exhibit "A" is a true and correct copy of Mr. Zahner's August 15, 2019 email to me and Mr. Stern confirming the above and stating:

This email will confirm our agreement that:

We will serve new interrogatories today, which your clients will respond or object to on or before September 3. You will serve interrogatories tomorrow, and we will indicate whether we are

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
September 4, 2019
Page 3

going to refuse to answer any of them by September 4, with any answers to be provided on September 10. If there are any disputes concerning our respective responses or objections, we will raise with the Court in a joint submission that there are one or more disputes for the Court to resolve at the conference on September 6.

We will discuss internally your request for additional discovery materials, and will revert regarding the following dates for the depositions of Allstate's witnesses: October 7, 8, 10, 15 and 17.

### The August 19, 2019 Meyerhoff Letter and the Plaintiffs' Responses

Four days after the meet and confer, by letter dated August 19, 2019, Mr. Meyerhoff, Esq., renounced the prior promises and agreements made between counsel for the parties and destroyed the progress made with Mr. Zahner during the August 15 meet and confer, advising us, *inter alia*, that he was departing Dentons in September and would no longer be representing Allstate, that, as a result, the agreed upon dates scheduled for the depositions of Mr. and Mrs. Toussie on September 19 and September 27 would have to be adjourned, and, further, that Allstate would not be producing witnesses King and Ho Sang for deposition at all. *See*, 8/27 Meyerhoff Lt., Exh. "D." Mr. Stern and I responded and objected to Mr. Meyerhoff's August 19 letter. *See*, 8/27 Meyerhoff Lt., Exhs. "E" and "F." The dispute presented to Your Honor in the 8/27 Meyerhoff Lt. ensued.

### The Depositions of Mr. King and Ms. Ho Sang Have Been Properly Noticed and Allstate's Proposed Motion is Meritless

We join in the arguments presented in Mr. Stern's September 4, 2019 letter to Your Honor on behalf of Robert Toussie, and we additionally note the following critical factors that Mr. Meyerhoff conveniently ignores. In its Disclosures Pursuant to Rule 26(a)(1)(A)(i), executed by Mr. Meyerhoff on August 5, 2019, Allstate identified Robert King and Patrice Ho Sang as individuals "who are likely to have discoverable information that Allstate may use to support its claims or defenses" in the litigation. *See*, 8/27 Meyerhoff Lt., Exh. "B." Nowhere does Mr. Meyerhoff respond to our demonstration to him that, "[a] primary purpose of the requirements for initial disclosure of witnesses and supplementation is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, taking the deposition of such witnesses." *Kullman v. State of New York*, 2009 WL 1562840, *5 (N.D.N.Y.

**HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP**
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
September 4, 2019
Page 4

2009) (emphasis added), citing, Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments). Having identified Mr. King and Ms. Ho Sang in Allstate's Rule 26(a) disclosure, Allstate has no lawful basis for now refusing to present them for deposition or for otherwise seeking to preclude plaintiffs from taking their depositions. *See, e.g., ITT Corporation v. Travelers Casualty & Surety Co.*, 2017 WL 589192, *3 (D. Conn. 2017) (emphasis added, internal quotation marks omitted) ("[w]ith respect to Attorneys Brownstein and Waisman, plaintiffs are entitled to take their depositions for the obvious reason that these two attorneys are listed . . . in defendant's Rule 26(a) Disclosures as fact witnesses . . . . Defendant cannot bar plaintiffs from deposing two attorneys that it designated as fact witnesses, and plaintiffs rightly note that Travelers has provided no authority to support that a party may prevent its opponent from taking testimony of a witness disclosed by the party in its Rule 26(a) disclosures").

Given the listing of these witnesses in Allstate's Rule 26(a) disclosure, and in light of the governing law, it is particularly egregious for Mr. Meyerhoff to misrepresent plaintiffs as somehow wrongly seeking to question these witnesses in an improper effort to evade prior rulings of this Court regarding their notes. *See*, 8/27 Meyerhoff Lt., p. 2 ("Now, having been denied access to Mr. King's and Ms. Ho Sang's notes, Plaintiffs seek access to their minds" and "There is no justification for that kind of intrusion into the thought processes, strategies, conclusions and observations of defense counsel"). These arguments are further particularly hypocritical in light of the fact that Allstate has listed the Plaintiffs' own prior counsel in this litigation, Marshall Gilinsky, Esq. and Mark Goidell, Esq., as witnesses with discoverable information whom it may use to support its claims or defenses. *See*, 8/27 Meyerhoff Lt., Exh. "B."

Plaintiffs are entitled to question Mr. King and Ms. Ho Sang regarding the matters identified in Allstate's Rule 26(a) disclosure, and Allstate's proffered straw man arguments regarding the sanctity of attorney client and attorney work product privileges as a basis for precluding their depositions is erroneous. *See, ITT Corp., supra*, *3 (where the Court directed that plaintiffs were entitled to take the deposition of attorneys disclosed as fact witnesses on defendant's Rule 26(a) disclosures, but confirmed that "[d]efendant, however, remains entitled to assert the attorney client privilege or work product doctrine if and when any individual question strays from discoverable and non-privileged information").

Mr. Meyerhoff nonetheless persists, contending that "Allstate has not designated either Mr. King nor Ms. Ho Sang as trial witnesses in this matter, and Allstate does not intend to call either at trial, except as it may be necessary to call Ms. Ho Sang as

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
September 4, 2019
Page 5

a foundational witnesses . . . ." 8/27/19 Meyerhoff Lt., p. 1. This equivocation not only backtracks from the position taken in Allstate's Rule 26(a) disclosure, but it fails, in any event, to meet the governing standard. Indeed, the Advisory Committee Notes to the 2000 Amendment to Rule 26(a) make clear that "'Use' includes any use . . . to support a motion, or at trial." *See, e.g., Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, *1 (S.D.N.Y. 2002); *Emmresa Cuban Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159 (S.D.N.Y. 2003). Moreover, Allstate's so-called present subjective "intent" to call or not call these witnesses is irrelevant. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 605 (S.D. Cal. 2015) ("Requiring parties to disclose only those witnesses they subjectively intend to use in substantiating their claims, rather than those they merely 'may use' as Rule 26 explicitly requires, would erode the efficacy of the rule's disclosure requirements"). It is also important to observe that Allstate has not identified a single "Allstate" witness in its Rule 26(a) disclosure who has information regarding the AAC and the claims at issue in this litigation, and, rather, only identifies *Mr. King* as having such information. *See,* 8/27 Meyerhoff Lt., Exh. "B."

Accordingly, Plaintiffs have properly served deposition notices and subpoenas for these individuals, they must be produced for deposition, and Allstate's proffered request to file a motion for a protective order is frivolous and should be rejected out of hand.

**The Depositions of the Toussies Should Proceed On The Dates Which All Parties Have Previously Confirmed and Agreed**

At the very end of July, Mr. Meyerhoff, Mr. Stern and I agreed that Laura Toussie would be deposed on September 19, 2019, and Robert Toussie would be deposed on September 27, 2019. Mr. Meyerhoff immediately issued confirming deposition notices on July 31, 2019. *See,* Exh. "B." We question whether Mr. Meyerhoff may have already been aware then that he would shortly be departing Dentons. Notably, Mr. Meyerhoff previously agreed that these and other discovery dates cannot be adjourned absent a showing of "good cause" pursuant to the so-ordered stipulation entered July 17, 2019 (Dkt. #294). Ironically, this "good cause" language was included in the stipulation at Mr. Meyerhoff's insistence.

Mr. Meyerhoff has presented no "good cause" for the requested adjournments. Among other things, since he is not departing Dentons until "the end of September," surely he can conduct the depositions, and he has presented no reason why, in the alternative, Mr. Zahner cannot take the depositions. *See,* 8/27 Meyerhoff Lt., Exh.

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Cheryl L. Pollak, Magistrate Judge
September 4, 2019
Page 6

"D."  As for incoming attorney, Richard Fenton, Esq. (whose office is in Chicago and who has been admitted in this matter *pro hac vice*), Mr. Fenton has indicated that he has pre-existing commitments on *both* of the scheduled dates, without saying what they are or why they take precedence over this litigation and cannot themselves be re-scheduled so as to adhere to the dates previously agreed upon.  Moreover, although Mr. Meyerhoff indicated in his August 19 letter that Mr. Fenton would be available to take Mrs. Toussie's deposition on September 17 or 18, Mr. Fenton indicated two days later that he was not available on those dates, and proposed certain other dates on which Mr. Meyerhoff knew, through prior communications, that Mr. Toussie's attorney was scheduled to conduct a trial in another matter.

Accordingly, the depositions of Mrs. Toussie and Mr. Toussie should be required to proceed as previously agreed and confirmed.

Respectfully,

Richard Hamburger

/lc

c:   <u>Via ECF:</u>
     Gary Meyerhoff, Esq.
     Brendan E. Zahner, Esq.
     Richard L. Fenton, Esq.
     Fredrick P. Stern, Esq.

RH to Pollak - 2019.09.04.wpd

# Exhibit "A"

From: Zahner, Brendan E. <brendan.zahner@dentons.com>
Sent: Thursday, August 15, 2019 11:23 AM
To: Fredrick Stern <scheyerstern@gmail.com>; Richard Hamburger <rhamburger@hmylaw.com>
Cc: Meyerhoff, Gary <gary.meyerhoff@dentons.com>; David Yaffe <dyaffe@hmylaw.com>
Subject: RE: Toussie v. Allstate- supplemental interrogatory responses

Fred and Richard:

This email will confirm our agreement that:

We will serve new interrogatories today, which your clients will respond or object to on or before September 3.
You will serve interrogatories tomorrow, and we will indicate whether we are going to refuse to answer any of them by September 4, with any answers to be provided on September 10.
If there are any disputes concerning our respective responses or objections, we will raise with the Court in a joint submission that there are one or more disputes for the Court to resolve at the conference on September 6.

We will discuss internally your request for additional discovery materials, and will revert regarding the following dates for the depositions of Allstate's witnesses: October 7, 8, 10, 15 and 17.

If I have overlooked or misstated anything, please let me know.

大成 DENTONS   Brendan E. Zahner

D +1 212 768 5339  |  US Internal 15339
brendan.zahner@dentons.com
Bio  |  Website

Dentons US LLP
1221 Avenue of the Americas, New York, NY 10020-1089

Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited, please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

# Exhibit "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT AND LAURA TOUSSIE,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

Civ. No. 15-CV-05235 (ARR)(CP)

## AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that on Thursday, September 19, 2019, at 10:00 a.m., defendant Allstate Insurance Company shall take the deposition of Plaintiff Laura Toussie at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020. The deposition will be recorded by stenographic and videographic means. The deposition will continue from day to day until completed.

DATED: July 31, 2019

DENTONS US LLP

By: _/s/_____
Gary Meyerhoff
Brendan E. Zahner
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 768-6700
Fax: (212) 768-6800
gary.meyerhoff@dentons.com
brendan.zahner@dentons.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Brendan E. Zahner, an attorney, hereby certify that I caused to be served a copy of the **AMENDED NOTICE OF DEPOSITION** to be delivered via e-mail and first class mail prepaid postage on July 31, 2019 to the parties identified below:

>Richard Hamburger, Esq.
>Hamburger, Maxson, Yaffe & McNally, LLP
>225 Broadhollow Road, Suite 301E
>Melville, NY 11747
>rhamburger@hmylaw.com
>*Attorneys for Plaintiff Laura Toussie*
>
>Fredrick P. Stern, Esq.
>Scheyer & Stern, LLC
>110 Lake Avenue So., Suite 46
>Nesconset, NY 11767
>scheyerstern@gmail.com
>*Attorneys for Plaintiff Robert Toussie*

_____
Brendan E. Zahner

RECEIVED
AUG - 2 2019
Hamburger, Maxson, Yaffe, & McNally, LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT AND LAURA TOUSSIE,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Civ. No. 15-CV-05235 (ARR)(CP)

## AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that on Friday, September 27, 2019, at 10:00 a.m., defendant Allstate Insurance Company shall take the deposition of Plaintiff Robert Toussie at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020. The deposition will be recorded by stenographic and videographic means. The deposition will continue from day to day until completed.

DATED: July 31, 2019

DENTONS US LLP

By: _____
Gary Meyerhoff
Brendan E. Zahner
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 768-6700
Fax: (212) 768-6800
gary.meyerhoff@dentons.com
brendan.zahner@dentons.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Brendan E. Zahner, an attorney, hereby certify that I caused to be served a copy of the **AMENDED NOTICE OF DEPOSITION** to be delivered via e-mail and first class mail prepaid postage on July 31, 2019 to the parties identified below:

>Fredrick P. Stern, Esq.
>Scheyer & Stern, LLC
>110 Lake Avenue So., Suite 46
>Nesconset, NY 11767
>scheyerstern@gmail.com
>*Attorneys for Plaintiff Robert Toussie*

>Richard Hamburger, Esq.
>Hamburger, Maxson, Yaffe & McNally, LLP
>225 Broadhollow Road, Suite 301E
>Melville, NY 11747
>rhamburger@hmylaw.com
>*Attorneys for Plaintiff Laura Toussie*

_____
Brendan E. Zahner

