UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

ROBERT TOUSSIE and LAURA TOUSSIE,

                Plaintiffs,

             -against-

ALLSTATE INSURANCE CO.,

                Defendant.
-------------------------------------------------------- X

**ORDER**

15 CV 5235 (ARR) (CLP)

**POLLAK**, United States Magistrate Judge:

      On August 27, 2019, defendant/counterclaimant Allstate Insurance Company ("Allstate")
filed a letter seeking a Protective Order that would prohibit plaintiffs Robert and Laura Toussie
(the "Toussies") from deposing Allstate's former lead counsel, Robert H. King, Esq., now
retired, and Patrice Ho Sang, a paralegal with ongoing responsibilities as part of the litigation
defense team in this matter.  (Def.'s 8/27/2019 Ltr. at 1).[1]  In August 2019, Allstate identified
both Mr. King and Ms. Ho Sang as potential witnesses with nonprivileged knowledge, pursuant
to the Federal Rules of Civil Procedure Rule 26(a). (See Def.'s 8/27/2019 Ltr., Ex. B at 2).
When plaintiffs sought their depositions, Allstate averred in its August 27th letter and during the
status conference held on September 6, 2019 that Mr. King and Ms. Ho Sang were listed only out
of "an abundance of caution," as neither had personal knowledge of the case beyond what they
had learned in their professional capacities.  (Def.'s 8/27/2019 Ltr. at 1).  In moving for a
protective order, Allstate also cited Second Circuit precedent which disfavors and strongly
discourages the depositions of opposing counsel and sets a high bar for parties seeking such
depositions given the risk of encountering issues of privilege and work product. (Id. at 2 (citing
United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir. 1991))); see also Official
Comm. of Unsecured Creditors of Heckinger Inv. Co. of Del. v. Friedman, 350 F.3d 65, 72 (2d

---

[1] Citations to "Def.'s 8/27/2019 Ltr." refer to Allstate's letter, dated August 27, 2019,
ECF No. 307.

Cir. 2003).

In response, the Toussies argue that Allstate's placement of Mr. King and Ms. Ho Sang on its Rule 26 disclosure list indicates that both King and Ho Sang must have relevant, non-privileged information regarding Allstate's counterclaims, and to deny the Toussies' the opportunity to depose Mr. King and Ms. Ho Sang would be to deny plaintiffs relevant substantive discovery.[2]

During the September 6, 2019 status conference, the Court Ordered the following:

1. Once Allstate provides responses to the plaintiffs' outstanding interrogatories, plaintiffs are to submit a letter to the Court outlining the topics that they seek to explore with Mr. King and Ms. Ho Sang during deposition.  Allstate may respond to the letter and indicate why such topics are not relevant and why the witnesses should not be required to testify.

2. The parties will work together to schedule and complete the depositions of Mr. and Ms. Toussie, as well as any depositions of other relevant witnesses.  The depositions of the Toussies are to be completed no later than October 31, 2019.  If necessary, the Toussies' depositions will take place in Florida.  By September 20, 2019, the parties are to submit a joint letter detailing the agreed-upon deposition schedule.

3. In accordance with the August 2, 2019 Order of the district court,[3] affirming this Court's Order dated July 26, 2019,[4] plaintiffs are to respond to defendant's interrogatories numbers 10, 11 and 12 no later than September 11, 2019.  The Court notes that plaintiffs' responses to these interrogatories have been due for seven months.

Finally, the Court will examine the Toussies' complete tax returns which have been submitted for in camera review.

---

[2] Plaintiffs responded to defendant's motion for a protective order in written letter responses, dated September 4, 2019, ECF Nos. 311 and 312.

[3] ECF No. 305.

[4] ECF No. 298.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 9, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

3