**大成 DENTONS**

Brendan E. Zahner

brendan.zahner@dentons.com
D +1 212 768 5339

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

September 16, 2019

**BY ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Toussie v. Allstate Insurance Company*, **Case No. 1:15-cv-5235-ARR-PK**

Dear Magistrate Judge Pollak:

We represent Defendant Allstate Insurance Company ("Allstate") in the above-referenced case, and write to briefly respond to Plaintiffs' joint letter regarding the adequacy of their interrogatory responses, filed as docket entry 315.

Since Allstate moved to compel responses to its tax-related discovery more than a year ago, both Your Honor and Judge Ross have repeatedly ruled that Allstate is entitled to complete responses to this discovery, including Allstate's interrogatory 11. (See, e.g., Dkt. 225, 249, 257, 298 and 305). Judge Ross already rejected Plaintiffs' arguments that the interrogatories are limited to the question of whether "the Toussies itemized or described the stolen property in their tax returns"[1] and that Mr. Toussie's declaration, to the effect that no such itemization had been provided, satisfied Plaintiffs' obligation to respond to Interrogatory 11:

> Plaintiffs must also respond to the interrogatories. Contrary to plaintiffs' contention (see Pls.' Br. 1), Robert Toussie's declaration was not responsive. Whereas defendant requested detailed descriptions of the lost property and anticipated insurance reimbursement that were reported to the IRS, Robert Toussie stated simply that "the tax return did not detail each item of property lost" and "did not detail the insurance or other reimbursement [he] reported." Toussie Decl. ¶¶ 10–11. But as defendant observes, the interrogatories were "not limited to providing only the information that may also have been presented in itemizations in the tax returns themselves." Def.'s Opp'n 3. Rather, "[i]t is the absence of that detail" from the tax returns "that requires full responses to the Interrogatories." Id.

(Dkt. 305 at pp. 5-6.)

---

[1] Dkt. 286 at p.2.

**DENTONS**

The Honorable Cheryl L. Pollak
September 16, 2019
Page 2

Salans FMC SNR Denton McKenna Long
dentons.com

Plaintiffs' subsequent response[2] to Interrogatory 11, which simply states that "[t]he only individual item referenced by any of the returns is a Bechstein Concert Grand Piano for which no claim was submitted to Allstate," ignores Judge Ross's explicit ruling that the interrogatory is not limited to what was itemized in the tax returns. Likewise, Plaintiffs' subsequent position[3] that Allstate was asking them to respond to an interrogatory "you wished you had asked" ignores Judge Ross's contrary ruling above that Allstate had in fact already asked for information beyond what was itemized in the tax returns. As Judge Ross pointed out in her order, the lack of detail in the tax returns is precisely why the further explanation sought by interrogatory 11 is necessary. The tax materials attached to Plaintiffs' letter likewise do not provide the detail of how Plaintiffs arrived at the number presented to the IRS, merely that they estimated certain figures. And again, what specific property the Toussies considered lost when estimating and how they valued that property is highly relevant to the issues in this case.

Allstate's subsequent interrogatories were not an acceptance of Plaintiffs' meritless argument that Allstate's interrogatory 11 only seeks what was itemized in the tax returns, but rather an effort by Allstate to avoid extending this discovery dispute and needing to involve the Court yet again. And Plaintiffs' current position, that it is somehow "beyond the pale" for Allstate to gain information regarding the property that comprises the Toussies' casualty loss, puts the lie to Plaintiffs' original suggestion that their response to Interrogatory 11 was a result of the question simply being too narrow. Instead, Plaintiffs refuse to provide the information sought, despite multiple orders of this Court. It was Robert Toussie who said under oath that the IRS could "verify" his losses, which is how the question of what the IRS had been told was injected into this case to begin with. Having argued that Allstate should accept his word because the IRS supposedly did, Plaintiffs are hardly in a position to complain when Allstate tries to learn what they told the IRS and the basis for their claimed casualty loss.

This Court has repeatedly warned Plaintiffs for over a year that their conduct in this litigation "has been unacceptable" and that "failure to follow fastidiously the Court's Orders and the Federal Rules of Civil Procedure will result in sanctions. (Dkt. 198 at p. 26.) Since that warning, the Court has deemed admitted certain Requests to Admit, and imposed monetary sanctions of approximately $17,000 upon Plaintiffs. Plaintiffs have not been deterred by these prior sanctions, and now again have disregarded the Court's orders by insisting on an interpretation of Interrogatory 11 that has been rejected by both Allstate and Judge Ross, and by refusing to provide the information as ordered by the Court.

Allstate therefore requests that the Court order, again and for a final time, that Plaintiffs are to provide complete and accurate responses to Interrogatory 11 (which should include the information more broadly described in Allstate's new interrogatories), by a date in the immediate

---

[2] See Exhibit A to Dkt. 313.
[3] Dkt. 315-2.

future, and that the Court's order expressly warn Plaintiffs that any failure to provide complete and accurate responses will result in the Court considering a motion by Allstate to strike Plaintiffs' Complaint, strike Plaintiffs' Answers to Allstate's Counterclaims and the entry of default against both Plaintiffs.

          Respectfully submitted,

          /s/ Brendan E. Zahner