# Scheyer & Stern, LLC
-Attorney at Law-
110 Lake Avenue So., Suite 46
Nesconset, NY 11767
Telephone No. (631) 265-8500
Fax No. (631) 265-8558
ScheyerStern@gmail.com

September 18, 2019

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:    Toussie, et al., v. Allstate Insurance Co.
              Case No. 15-cv-5235 (ARR)(CLP)

Dear Judge Pollak:

      This letter is in reply to the response by Mr. Zahner filed with the Court on September 16, 2019. In his reply, Mr. Zahner demands that this Court order the Plaintiffs to provide a further response to Allstate's Interrogatory No. 11 from Allstate's Third Set of Interrogatories ("Interrogatory No. 11") or incur sanctions including an order striking both the Plaintiffs' complaint and their answers to the Defendant's counterclaims. As an initial matter, the request is inappropriate in that the Plaintiffs completely and accurately responded to Interrogatory No. 11. Having received that response and, recognizing the limitations of the question it had posed in Interrogatory No. 11, Allstate then served a Fifth Set of Interrogatories in an attempt to elicit different information to which Plaintiffs timely and properly objected. The propriety of that objection is before this Court for the first time. For the reasons set forth below, I believe that Mr. Zahner's complaint is meritless.

      Since we undertook the Plaintiffs' representation, and contrary to the assertions of Mr. Zahner, Mr. Hamburger and I have been consistent in our efforts to move this case forward. During our involvement it has been the Defendant, and not the Plaintiffs, that has repeatedly put both Plaintiffs' counsel and this Court to unwarranted wastes of time and effort.

      While Allstate has repeatedly demanded that the Plaintiffs provide complete copies of their tax returns to its' counsel, this Court ultimately redacted all but two pages of the tax returns originally submitted to it for *in camera* review[1]. This Court is reminded that the Toussies were ordered to provide their tax returns based upon Allstate's claim, which Judge Ross relied upon in

---

[1] The Court has not yet provided redacted copies of the additional pages of Plaintiffs' tax returns previously provided and, in an effort to move the process along, the Plaintiffs provided redacted copies of the "Preparer's Notes" from the Plaintiffs' 2012 tax returns since it was our belief that the Court would direct that we provide same.

rendering her May 13, 2019 decision, that "the relevant tax forms confirms that the Toussies would have had to identify the type, acquisition date, cost, and fair market value of each piece of personal property for which they were claiming a casualty or theft loss. See, e.g., I.R.S. Form 4684." In relying upon this argument by Allstate and the supposed tax forms that Allstate claimed the Toussies must have filed, Judge Ross determined that "[t]he Toussies' suggestion that their tax returns would not contain relevant information thus lacks any merit."   However, contrary to the Defendant's assertion, the tax returns filed by the Toussies contained no such itemization.

Now, Allstate argues precisely the opposite - that the Toussies tax returns did not "identify" these items of personal property and they demand that the Toussies do so now in their responses to Interrogatory No. 11.  As Allstate is aware, the Toussies did not "describe in detail each item of property that Robert or Laura Toussie represented as lost in connection with Superstorm Sandy to the Internal Revenue Service" as Interrogatory No. 11 demands.  Not only is the Defendant in possession of the return itself, but the Toussies have previously advised Allstate, in their Response to Defendant's Third Set of Interrogatories, that, as was the case with the IRS, they can only provide the categories of losses they sustained, not an itemization.  This is the same explanation which was provided to the IRS in the Preparer's Notes annexed to the Toussies' 2012 tax return.

Allstate is now in possession of the Preparer's Notes which specifically state that some of those losses were estimated.  Yet Allstate has chosen to persist in its' demand that the Toussies provide an itemization of the losses claimed on their tax returns despite the fact that they were unable to do so in 2013 when the tax returns were filed.

In sum, what Allstate is seeking is for the Toussies to create an itemization that they had not and could not provide to the IRS in order to comply with Interrogatory No. 11,  upon which they could then be unfairly cross-examined.  As is clear from the tax returns the Toussies have provided, Mr. Toussie was entirely correct that the tax returns he submitted to the IRS for 2012 would verify the losses sustained by the Plaintiffs and they contradict Allstate's contention that the Toussies decided at some point in 2015 to manufacture the claim for losses that is the subject of these proceedings.

Based on the foregoing, it is respectfully submitted that the request by Allstate be denied in its' entirety.

      Yours,
      SCHEYER & STERN, L.L.C.

      By: Fredrick P. Stern, Esq.