# HAMBURGER, MAXSON, YAFFE & McNALLY, LLP
ATTORNEYS AT LAW
225 BROADHOLLOW ROAD, SUITE 301E
MELVILLE, NEW YORK 11747
631.694.2400
FAX: 631.694.1376
HMYLAW.COM

DAVID N. YAFFE
dyaffe@hmylaw.com

September 19, 2019

**VIA ECF**

Hon. Cheryl L. Pollak, Magistrate Judge
U.S. Eastern District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Toussie v. Allstate Insurance Company
                  Case No.: 15-CV-05235 (ARR)(CLP)

Dear Judge Pollak,

This letter is submitted on behalf of plaintiff Laura Toussie in further support of my firm's September 11, 2019 letter to Your Honor (DE 315), and in reply to the September 16, 2019 letter (DE 316) submitted by counsel for Allstate.

It is unfortunate, but virtually every recent letter filed by counsel on behalf of Allstate regurgitates past history, and, based thereon, threatens the prospect of sanctions, regardless of the significant progress that has been made in recent months, regardless of the Toussies' compliance with this Court's orders, and regardless of the fact that it was Allstate's counsel themselves who recently caused the parties and their counsel to have to upset negotiated agreements regarding discovery.

As we have already demonstrated, no matter how Allstate plays with language and the meaning of words, the question explicitly posed by their Interrogatory 11 did not seek the information that Allstate's attorneys now claim it did.

Indeed, we held a meet and confer with Allstate's attorneys regarding this issue, following which, they served *new* Interrogatories 13, 14, 15 and 16, apparently posing the questions they wished they had asked, but did not, in Interrogatory 11 (and thereby tacitly admitting the limitations of Interrogatory 11).

Hon. Cheryl L. Pollak Magistrate Judge
September 19, 2019
Page 2

The Toussies are entitled to oppose and object to those new interrogatories (which they have) without being threatened with sanctions and subjected to intemperate speeches of counsel that they do not obey Orders of this Court (which is untrue). Among other things, the Toussies have at least twice stipulated to continue preservation of their possessions, have stipulated to a discovery schedule "so ordered" by this Court (which Allstate then caused to be disrupted), have met and conferred through counsel with Allstate's attorneys where disagreements have arisen, have scheduled the taking of their own depositions (which Allstate then sought to change) and have obeyed each and every Order issued by this Court directing them to, among other things, provide their tax returns to the court, produce redacted tax returns to counsel for Allstate, answer Interrogatories 10, 11 and 12, and provide new dates in October for their depositions.

For the reasons set forth herein and in my firm's prior September 11, 2019 letter, we respectfully submit that Allstate's request for an Order threatening sanctions and further response to Interrogatory 11 should be denied, the Toussies should be deemed to have adequately responded to Interrogatory 11, and their objections to Interrogatories 13, 14, 15 and 16 are properly asserted.

It is our sincere hope that we can now get past the specter of these threats and misstatements, and move the case forward.

Respectfully,

David N. Yaffe

/lc